HARRIS COUNTY et al., Appellants,

v.

R. O. D. SCHOENBACHER, Appellee.

No. 17487.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 8, 1979.

Rehearing Denied Jan. 10, 1980.

---

* U.S.Const. amend. V.

Edward J. Landry, Sr. Asst. County Atty., Houston, for appellants.

Kronzer, Abraham & Watkins, Frank Abraham, Houston, for appellee.

Before PEDEN, EVANS and WALLACE, JJ.

PEDEN, Justice.

Harris County and its County Attorney appeal from the granting of a summary judgment in favor of R. O. D. Schoenbacher, the chief juvenile probation officer of Harris County, and from the denial of their motion for partial summary judgment. The appellants maintain that Schoenbacher is liable to Harris County as a matter of law because he has neglected to pay to the county treasurer fees that he has earned, both those he has collected and those he has not collected. As to the granting of the appellee's motion concerning fees collected

but not retained, we reverse and remand. Otherwise, we affirm.

The position of chief juvenile probation officer of Harris County was created by Article 5139VV, Section 6, V.A.C.S. Section 10 of that statute was amended in 1975 by the addition of subsection (e), which provides:

If the juvenile board directs the chief juvenile probation officer to receive support payments, a fee, not to exceed One Dollar ($1.00) per month, may be assessed for each individual transaction of receiving and disbursing each individual payment of support moneys. Such fee may be assessed, subject to the approval of the Commissioners Court, upon a determination of the juvenile board that additional funds are necessary to assist in the maintenance of a support office by the chief juvenile probation officer. The fee shall be collected by the chief juvenile probation officer from the payor annually in advance and shall be paid to the County Treasurer to be kept in a separate fund. This fund shall be administered by the juvenile board, subject to the approval of the Commissioners Court, for the purpose of assisting in the payment of the operating expenses of the support office in the juvenile probation office.

In September of 1975, the juvenile board of Harris County passed an order calling for "the collection of $12.00 per year from the payor to reimburse the county for the cost of collecting child support payments." Commissioners Court approved this order.

In November of 1976, the juvenile board ordered Schoenbacher to collect for 1977 and for each year thereafter an annual assessment of $12 from each payor of support monies through the juvenile probation department and "to collect such annual amount in advance in January of 1977 and each year thereafter while this order is in effect." Commissioners Court also approved this order.

Mr. Van Rheen, director of the child support section of the juvenile probation department, testified by deposition that pur-

suant to the initial orders of the juvenile board and the Commissioners Court, Schoenbacher and those under his supervision began collecting the fee in question on January 2, 1976. A large number of the payors sent in only their support payments and failed to include the $12 fee. In those instances, Schoenbacher's employees began deducting the fee from the amount of money received and forwarding the balance to the intended recipient. Assistant County Attorney Mr. Billy Lee pointed out that this resulted in the payees', in effect, paying the fees. Mr. Lee related that because of this collection procedure, Schoenbacher and others were named as defendants in a federal suit in which a payee sought to enjoin Schoenbacher from deducting the fee from the support payment. Mr. Van Rheen testified that with the institution of the federal suit, the juvenile board directed that Schoenbacher cease the practice of deducting undesignated $12 fees from the monies received for the support payments. Thereafter, Schoenbacher made no effort to collect it, other than to notify the payors by a mailed notice that the $12 fee was due, and "pretty much left it up to the payor whether to pay this fee or not."

It should be noted that Schoenbacher was not authorized to withhold the assessed fee from a child support payment unless it was specifically designated by the payor as a fee. The juvenile board has pointed out that he was given no authorization to enforce payment of the fee. The County Attorney declined to sue those who did not pay it. County Judge Jon Lindsay, who is also chairman of the juvenile board, reported in a letter to the county attorney in February of 1978 that the amount of the uncollected fees had reached an amount in excess of $1,000,000.

Since this controversy arose, action has been taken by the Harris County family district courts to solve this problem. A new Rule 16 has been adopted which provides, in part, that in child support cases where payments are ordered, the decree shall contain this provision:

It is further ordered that the party shall, in addition thereto, pay an annual fee of $12.00 in advance with the first (1st) payment in January of each year or a sum equal to $1.00 per month for the remainder of the year, as provided for in Article 5139VV, Section 10(e) V.A.T.S.

This suit was filed on May 23, 1979, by the county and the county attorney seeking (1) a mandatory injunction to compel Schoenbacher to comply with Article 5139VV, Section 10(e), and the orders of the juvenile board and Commissioners Court with regard to the collection of the fees in question; (2) an independent audit of the accounts of Schoenbacher to ascertain the exact amount of the fees which he had permitted to go uncollected as well as those fees which he had in fact received but which he may simply have passed on with support payments to their recipients; and (3) a recovery of such amounts as an independent audit would show to be due to the county. It is not suggested that he has been dishonest or that he has benefited from any of the matters complained about.

Schoenbacher's motion for summary judgment stated that the uncontradicted summary judgment evidence shows that he has paid into the county treasury all of the fees he has collected and that as a matter of law he is not liable for fees he has earned but not collected. As to the prayer for mandatory injunction, Schoenbacher asserts that he is by statute wholly under supervision of the juvenile board in conducting his duties and that the plaintiffs may not usurp its duties by asking the court to enjoin him to act in accordance with their views rather than those of the juvenile board. He alleges that the appointment of an auditor is not needed since the evidence shows as a matter of law he owes nothing and, further, that his records are public records which can be examined at any time.

In an answer filed by the appellants to Schoenbacher's motion for summary judgment, they expressly presented each of the issues which they now urge as grounds for reversal.

The trial court granted Schoenbacher's motion for summary judgment and denied the plaintiffs' motion for partial summary judgment based on their seeking 1) a mandatory injunction to require him to collect the fees in advance and 2) appointment of an auditor.

The appellants' first point of error is that the trial court erred in granting the appellee's motion for summary judgment. In subdivision A under this point, they assert that Schoenbacher is liable to Harris County as a matter of law for fees of his office which he has earned but failed to collect. The county argues that once the fees authorized by Section 10(e) of Article 5139VV were ordered collected by the juvenile board and the order approved by the Commissioners Court, they became fees of office and Schoenbacher was bound by law to pay them to the county treasurer when earned, not just when collected. To support this position, the county relies on Article 16, Section 61 of the Texas Constitution.

Prior to 1935, some officers were paid on the basis of the fees they collected, but upon the adoption of Article 16, Section 61, of the Texas Constitution, many began to be paid by salaries. Section 61 includes this provision:

All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct . . .

Mr. Schoenbacher asserts that the phrase "all fees earned" means that "all fees collected by a county officer" must be paid into the county treasury, citing *State v. Glass*, 167 S.W.2d 296 (Tex.Civ.App.1942, writ ref., 141 Tex. 83, 170 S.W.2d 470). In that case, the question arose as to whether the state or county was entitled to certain fees collected by the tax assessor-collector. The trial judge's findings of fact and conclusions of law were quoted by the court of civil appeals. His fourth conclusion of law stated in part:

I further conclude that the sentence of Sec. 61, Art. 16 of the State Constitution, Vernon's Annotated Statutes, reading: *All fees earned* by district, county, and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, *indicates an intention that all fees* of every character *collected* by a county officer officially . . . shall become fees of office, and that the officer is limited to his salary as compensation, and any fees collected by him officially must be paid into the county depository as directed by the constitutional provision. (emphasis added)

We note, however, that in *State v. Glass* the fees in question had been collected, while in our case most of them have not. We do not agree with Schoenbacher that the *Glass* case supports his theory that he cannot be liable for fees earned but not collected.

Article 3912e, V.A.C.S., is a corollary to Article 16, Section 61. It provides in pertinent part:

Section 1. No district officer shall be paid by the State of Texas any fees or commissions for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more . . . any fee or commission for any service by him performed as such officer; . . .

\* \* \* \* \* \*

Sec. 5. It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. *As and when such fees are collected* they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was

due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer. (emphasis added)

\* \* \* \* \* \*

Sec. 19. Provisions of this Section shall apply to and control in each county in the State of Texas having a population in excess of one hundred and ninety (190,-000) thousand inhabitants, according to the last preceding Federal Census.

\* \* \* \* \* \*

(n) Each district, county and precinct officer shall keep a correct detailed statement of all amounts earned by him and of sums coming into his hands as fees, costs, and commissions, in a book to be provided for him by the proper authorities of the county for that purpose in which the officer at the time when fees or moneys are earned or shall come into his hands shall enter the same in such form as may be lawfully required.

\* \* \* \* \* \*

(p) . . . No district, county or precinct officer shall under the penalties now provided by law waive any fees or costs but it shall be the duty of all officers to assess and collect all fees and commissions which they are permitted or directed by law to assess and collect for services performed by them.

Section 19(p) clearly states that it shall be the duty of all officers to assess *and collect*

all fees which they are directed to assess *and collect* for services performed by them. We do not agree with Mr. Schoenbacher that the emphasized words in Sec. 5 above mean that he cannot be liable for fees which have not been collected.

Under Sec. 19(n), the officer must keep a detailed statement of all amounts earned by him and a detailed statement of all sums collected. Section 5 provides that if the Commissioners' Court finds that the failure to collect any fee or commission was "due to neglect on the part of the officer charged with the responsibility of collecting same" it can recover the uncollected fees from the officer's salary. For Schoenbacher to be held liable for earned but uncollected fees, it must be shown that he is the "*officer* charged by law with the responsibility of collecting fees*," and that his failure to collect them "was due to neglect." (emphasis added) It is clear that the chief juvenile probation officer of Harris County was directed, pursuant to the terms of Article 5139VV, to collect the fees. However, Schoenbacher asserts that he is an employee, not an "officer" within the meaning of Article 16, Section 61, of the Texas Constitution.

The Texas Supreme Court held in *Aldine Independent School District v. Standley,* 154 Tex. 547, 280 S.W.2d 578, 583 (1955), that a tax assessor-collector of that school district was not an officer within the meaning of the Constitution, quoting from *Dunbar v. Brazoria County,* 224 S.W.2d 738, 740 (Tex.Civ.App.1949, writ ref.):

From the above authorities, it is apparent, we think, that the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others.* (Emphasis supplied by Supreme Court)

In *Aldine Indep. School Dist. v. Standley,* supra, the Supreme Court recognized that the function of collecting and assessing taxes was a part of the sovereign power of the state but found that the statute creating

the tax assessor-collector's office lodged that sovereign power in the school board, not in the office of the assessor-collector. That court held that the assessor-collector acted only at the board's discretion, as its agent or employee, in the discharge of the duties necessary to carry out the board's powers.

Although the statute creating the office of the chief juvenile probation officer of Harris County, Article 5139VV, designates the holder of that position as the chief administrative officer of his department and as the director of the county youth institutions within his care, the powers relating to the administration of the department and institutions are largely vested in the control of the juvenile board. Section 7 of the statute authorizes the judge of the juvenile court to appoint the chief juvenile probation officer and, subject to the approval of the juvenile board, to remove him from that position at any time. Section 5 of the statute confers on the juvenile board, not the chief juvenile probation officer, the primary responsibility for preparing the annual budget, for investigating, reporting to and making recommendations to commissioner's court regarding the operation of the probation department and the county institutions, and for establishing personnel policies for the employees of such department and institutions. The chief juvenile officer may hire or fire employees within the juvenile probation department and the county institutions under his care, but in the absence of approval of the juvenile board, he does not have the authority to appoint or remove his own supervisors and superintendents. Sections 11 and 15.

The statute confers upon the juvenile board, not the juvenile probation officer, the power to determine whether the chief juvenile probation officer or the clerk of the district court is to receive court ordered payments for support of wives and children. Unless the juvenile court directs the chief juvenile probation officer to receive such payments, he is not required to take any action with respect to the receipt, disbursement or accounting for such funds, and except as required for the purposes of Sec-

tion 10, he is not required to give any bond of office. There is no oath of office required by the statute for the chief juvenile probation officer of Harris County.

■ We conclude that although the statute in question confers upon the chief probation officer the authority to perform certain sovereign functions, it does not permit him to exercise them "largely independent of the control of" the juvenile board, so we hold that the statute does not create a public office within the meaning of the Texas Constitution. We overrule paragraph A of the appellants' first point of error, and we overrule their second point for the same reason. In it they asserted that the trial court erred in not granting their motion for a partial summary judgment because Schoenbacher is liable to Harris County as a matter of law for fees he has earned but failed to collect.

There are other reasons why the summary judgment evidence does not establish as a matter of law that Schoenbacher is liable to Harris County for uncollected fees. The appellants' pleadings alleged that Schoenbacher was liable for fees he had negligently failed to collect, but the summary judgment evidence does not establish negligence on his part. Further, we have noticed the requirement in Section 5 of Article 3912e that before Commissioners' Court is authorized to deduct from the salary of an officer any fee he was responsible for collecting, it must find after a hearing that the officer was guilty of negligence in failing to collect the fees. There is no showing that such a hearing has been held or that such finding has been made.

In paragraph B of their first point of error the appellants asserted:

B. The summary judgment proof failed to establish as a matter of law that there is no genuine issue of fact as to that facet of the Appellants' cause of action which alleges that Appellee has in fact both earned and collected fees which he may have negligently passed on with the support payments to the intended recipients thereof, and thereby breached his duty to

pay the same to the County Treasurer to the injury of the Appellant Harris County.

The movant, Schoenbacher, asserts that the appellants have failed to perfect an appeal under the grounds stated in this point. He relies on the 1978 amendment to Rule 166–A(c) and says their trial pleadings did not present to the trial court any issue as to his negligence in failing to pay to the county treasurer any fees collected.

The plaintiffs' trial pleadings in question contained these allegations:

Notwithstanding the clear and unequivocal language of the foregoing statutory mandate, the Defendant has, whether by and through conscious disregard of office and/or neglect of office, either or both of which grounds the evidence to be presented on the trial of this cause will show, failed and continues to fail to discharge his duty under the law, viz., to pay to the County Treasurer the said statutory fees of office which he has earned and those which he has collected.

We hold that the issue was preserved for consideration by these allegations and by the appellants' written response to Schoenbacher's motion for summary judgment.

We sustain this point of error.

It seems that it was not until after the time in question that the juvenile board was able to satisfactorily solve the difficult problem of collecting the $12 fee. After the federal suit was filed, it was decided by the board that the fee should not be automatically deducted from support payments.

 Mr. Van Rheen, the director of the child support office of the juvenile probation department, testified by deposition that no money has been collected as child support assessment fees that has not been promptly paid into the county treasury. However, we cannot say his testimony, though uncontradicted, did more than raise a fact issue. As the manager of the office in charge of collecting the $12 fees for the defendant, Mr. Schoenbacher, Mr. Van Rheen was an interested witness. *Farm & Home Savings & Loan v. Muhl*, 37 S.W.2d 316 (Tex.Civ.App.1931, writ ref.). Further,

it appears doubtful, in view of his other testimony, that he is in a position to know that all collected fees have been paid into the county treasury. He has pointed out that his office personnel are not usually advised of changes in amounts due on support payments, and unless the payor designates part of a remittance as payment of the fee, all of it is routinely remitted to the payee, as Schoenbacher has now been instructed to do by the juvenile board. He admitted that it was possible that some payments meant to be applied, in part, as fees may have been sent on to the payees.

We hold that favorable statements by Judge Robert Lowry, Mr. Billy Lee, and County Auditor Mr. Grady Fullerton do not establish as a matter of law that all collected fees have been paid into the county treasury.

The appellee does not assert that his status as an employee rather than an officer is a defense to the claim against him for fees he has collected.

We find no error in the trial court's denial of the plaintiffs' prayer for an independent audit.

We affirm the trial court's judgment in all respects except one: we reverse it as to the plaintiffs' claim based on fees that have allegedly been paid in but passed on to the payees, and we order that part of this cause severed, reversed, and remanded to the trial court.