Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Whether responsibility for the Harris County Child Support Division may be transferred from the Juvenile Board to the Domestic Relations Office
Dear Mr. Driscoll:
You inform us that the Harris County Juvenile Probation Department has established a Child Support Division. It is our understanding that the Harris County Juvenile Board has designated the chief juvenile probation officer to receive child support payments in Harris County pursuant to section 10(a) of article 5139VV, V.T.C.S.
In that regard, you ask:
 1. Is the Child Support Division, as it is now attached to the Harris County Juvenile Probation Department a `child support collection service specifically established by statute' [within the meaning of section 7(a) of article 5142a-1, V.T.C.S.]?
 2. Would the commissioners court be allowed to transfer responsibility for the Child Support Division from the Juvenile Board to the Domestic Relations Office [established pursuant to article 2338-le, V.T.C.S.]?
The Harris County Commissioners Court has only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state. See Tex. Const. art. V, § 18; Cannales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). We begin with the working assumption that the collection of child support payments in Harris County may arguably be governed by articles 5139VV, 5142a-1, and/or 2338-le, V.T.C.S. We will analyze these statutes to determine which ones actually govern this matter. Thus, the answers to your questions will depend upon which of these statutes authorizes the collection of child support payments in Harris County.
The Harris County Juvenile Probation Department was established in 1965 along with the Harris County Juvenile Board by the Texas Legislature. See V.T.C.S. art. 5139VV, §§ 1, 11. Section 10(a) of article 5139VV, as amended in 1975, provides that the Juvenile Board has the power — independently of the commissioners court and at its option — to direct the chief juvenile probation officer to receive child support payments. The only other person the Juvenile Board may authorize under the act to receive child support payment is the district clerk. See V.T.C.S. art. 5139VV, § 10(b).
Section 1 of article 2338-le, V.T.C.S., provides:
 Section 1. In counties having a population in excess of 2,000,000, as shown by the last preceding United States Census, the county commissioners court may create a domestic relations office to provide services to establish and enforce court orders providing for the support and/or visitation rights to a child, to establish paternity or legitimation of a child, and to provide informational services to assist parties affected by a court order in understanding, complying with, and enforcing the duties and obligations in the court order pertaining to child support and rights of visitation. Upon such creation, said designated county office shall be directly responsible to the commissioners court. The chief administrative officer of the designated county office so created shall be appointed by a majority vote of the commissioners court of the county. (Emphasis added).
Harris County falls within the 2,000,000 population bracket of the statute. We conclude that the dominant purpose of article 2338-le is to authorize the Harris County Commissioners Court to establish a Domestic Relations Office to act as a legal agency to provide those legal services necessary to assist those persons having a legal right to child support and/or visitation privileges. The statute does not authorize the commissioners court to establish a Domestic Relations Office to function as a collection service to receive and/or distribute child support payments.
A county commissioners court is also authorized to establish a Domestic Relations Office pursuant to article 5142a-1, V.T.C.S., which provides:
 Section 1. The commissioners court of a county may establish a domestic relations office with the powers and duties as provided in this article.
 Sec. 2. (a) A domestic relations office established under Section 1 of this article may be administered by the juvenile board of a county or multicounty area or otherwise as provided by the commissioners court.
 (b) Any domestic relations office currently in existence by statute or tradition and which has been under the control of and governed by a juvenile board by statute or tradition shall continue to operate under the current administration as established by such statute or tradition.
. . . .
 Sec. 7. (a) This article does not apply to a county in which a child support collection service is specifically established by statute.
 (b) This article is cumulative of other statutes relating to juvenile boards and child support collection offices.
 (c) Another statute relating to funds for the operation of a child support office and providing for an additional filing fee in excess of $5 prevails over this Act to the extent that the other statute conflicts with the maximum additional filing fee provided by this Act. (Emphasis added).
Id. This statute excepts from its application those counties "in which a child support collection service is specifically established by statute. . . ." V.T.C.S. art. 5142a-1, § 7(a). As indicated above, the legislature has established the Juvenile Board of Harris County with the duty to "direct whether . . . the chief juvenile probation officer shall receive payments for the support of wives and children. . . ." See V.T.C.S. art. 5139VV, § 5(f). Accordingly, in response to your first question, we conclude that the Child Support Division of the Harris County Juvenile Probation Department established pursuant to article 5139VV, V.T.C.S., is a "child support collection service . . . specifically established by statute" within the meaning of section 7(a) of article 5142a-1, V.T.C.S. The Harris County Commissioners Court may establish a child support collection service only pursuant to article 5139VV, V.T.C.S.
In regard to your second question, the general rule is that when the legislature imposes upon an officer or governmental board the performance of certain acts as part of an official duty, the commissioners court is without authority to transfer the performance of that official duty to any other person or body than that named in the law. See Aldrich v. Dallas County,167 S.W.2d 560 (Tex.Civ.App.-Dallas 1942, writ dism'd); Navarro County v. Tullos, 237 S.W. 982 (Tex.Civ.App.-Dallas 1922, writ ref'd). You ask whether the Harris County Commissioners Court is authorized to transfer responsibility for the Child Support Division of the Harris County Probation Department which was created pursuant to article 5139VV, V.T.C.S., to the Domestic Relations Office established pursuant to article 2338-le, V.T.C.S. As previously stated, the Domestic Relations Office, which is directly responsible to the commissioners court, has the duty of providing those legal services necessary to ensure a party's right to child support and/or visitation privileges. On the contrary, the Child Support Division of the Harris County Probation Department is administered by the chief juvenile probation officer, but it is responsible to the Harris County Juvenile Board. See Harris County v. Schoenbacher, 594 S.W.2d 106
(Tex.Civ.App.-Houston [1st Dist.] 1979, writ ref'd n.r.e.).
Accordingly, the Harris County Commissioners Court is not authorized to ignore the duties imposed on the Harris County Juvenile Board to provide a child support collection service and transfer the performance of that function to the Domestic Relations Office.
 SUMMARY
The Child Support Division of the Harris County Juvenile Probation Department was specifically established by article 5139VV, V.T.C.S.; accordingly, article 5142a-1, V.T.C.S., does not govern the collection of child support payments in Harris County. Additionally, the Harris County Commissioners Court is without authority to transfer the Child Support Division from the Juvenile Board to the Domestic Relations Office established pursuant to article 2338-le, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tony Guillory Assistant Attorney General