65 S.W.3d 353 (2001)
In the Interest of C.W., S.V.R., and L.L.R.
No. 09-01-096 CV.
Court of Appeals of Texas, Beaumont.
Submitted November 28, 2001.
Decided December 6, 2001.
Jess Williams, Beaumont, for appellant.
Tom Maness, Criminal Dist. Atty., Kathleen Morgan, Asst. Criminal Dist. Atty., Beaumont, for appellee.
Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

OPINION
RONALD L. WALKER, Chief Justice.
This is an appeal from a judgment by the trial court terminating the parental rights of Laura Martinez-Raveiro. The sole appellate issue is presented to us as follows:

*354 A parent in a termination trial who has been excluded from the courtroom through no fault of her own has been denied her right to personally confront those witnesses against her and to assist her counsel.
We interpret this issue, in light of the argument and authorities cited in support, as one complaining of the lack of due process in conducting the termination hearing with appellant, Laura Martinez Raveiro, being physically absent. The record reflects that at the time of the hearing, appellant was incarcerated at a facility called the "Plain State Jail." Apparently, a bench warrant issued by the trial court in order to secure appellant's attendance at the hearing was not executed by the sheriff's office, so appellant was not physically present in the courtroom when the hearing took place.
At the outset, we note that the termination hearing in question was a civil proceeding. As such, appellant had no constitutional right to confront witnesses. The right to confront witnesses applies to criminal proceedings only. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Texas Dep't of Pub. Safety v. Duggin, 962 S.W.2d 76, 81 (Tex.App.-Houston [1st Dist.] 1997, no pet.). That being noted, we nevertheless recognize that our system of justice comprehends due process to include notice and an opportunity to be heard. See Mullane v. Cent. Hanover Bank & Trust, 339 U.S. 306, 313-14, 70 S.Ct. 652, 656-57, 94 L.Ed. 865, 873 (1950); Ex parte Peterson, 444 S.W.2d 286, 289 (Tex.1969). Due process has been held to mean "notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. It means `a law which hears before it condemns, which proceeds on inquiry, and renders judgment only after trial.'" See Masonic Grand Chapter of Order of Eastern Star v. Sweatt, 329 S.W.2d 334, 337 (Tex.Civ.App.-Fort Worth 1959, writ ref'd n.r.e.) (quoting 16A C.J.S. Constitutional Law § 567, p. 542) (citation omitted).
In Byrd v. Attorney General of the State of Tex., Crime Victims Compensation Div., 877 S.W.2d 566, 569 (Tex.App.-Beaumont 1994, no writ), we reiterated the general rule that a litigant cannot be denied access to the courts because he is incarcerated but his right of access does not unconditionally give an inmate the right to appear personally; the trial court is required to make inquiries as to the necessity of a personal appearance and whether denial of such appearance would foreclose a litigant's right to be heard at all. See also Nichols v. Martin, 776 S.W.2d 621, 623 (Tex.App.-Tyler 1989, orig. proceeding). Should the trial court find that the pro se inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner should be allowed to proceed by affidavit, deposition, telephone, or other effective means. Byrd, 877 S.W.2d at 569; Pruske v. Dempsey, 821 S.W.2d 687, 689 (Tex. App.-San Antonio 1991, no writ).
In the instant case, after reading through the entire reporter's record of the hearing, we find appellant's due process rights were scrupulously protected by the trial court as well as trial counsel. Appellant was in telephonic communication with the trial court and "attended" the entire hearing via telephone. Her trial counsel was physically present in the courtroom during the hearing and was permitted to communicate with appellant in private whenever appellant indicated she wished to do so. Trial counsel vigorously and skillfully cross-examined the witnesses for the petitioners, and appellant testified in her own behalf. Appellant also placed several exhibits into evidence. On the very few occasions that appellant had trouble *355 hearing a witness's response, the trial court had the witness repeat the answer and thereafter made sure appellant heard the response.
As an example of the trial court's sensitivity to appellant's rights, at the conclusion of the presentation of evidence by the parties, the following exchange took place between the trial court and appellant:
THE COURT: Laura, this is the Judge again. Is there anything else you can think that you would be able to tell me if you were here physically present in the courtroom or anything you could show me physically or anything like that?
MS. MARTINEZ: You would see in my eyes the certainty that's on my heart that I want my babies.
THE COURT: All right. I can tell in your [sic] voice and the fact that your voice is shaking that you're crying right now; is that right?
MS. MARTINEZ: Yes, sir.
THE COURT: All right. All right. And I'm going to accept that you are sincere at this time; okay?
MS. MARTINEZ: Yes, sir.
THE COURT: All right. Is there any other reason why I should bring you to the courtroom.
MS. MARTINEZ: I beg your pardon, sir?
THE COURT: Is there any other reason why you should be physically present in the courtroom?
MS. MARTINEZ: I don't know.
THE COURT: Okay. I meanif at a later time you were brought to the courtroom, say later this week brought to this courtroom, would there be anything else you would like to tell me?
MS. MARTINEZ: I don't think so, sir.
We find no denial of appellant's due process rights contained in the record before us. For all intents and purposes, appellant's presence via telephone for the entirety of the hearing, along with being represented by counsel who was physically present at the hearing, satisfied any and all due process requirements to which appellant was entitled. Appellate issue one is overruled and the judgment of the trial court is affirmed.
AFFIRMED.