TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00008-CV






Enrique Alvarez, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT


NO. 00-FL-198, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING 







 Enrique Alvarez (1) appeals from the trial court's judgment terminating his parental
rights in his three minor children. See Tex. Fam. Code Ann. § 161.001 (West 2002). Alvarez brings
twelve issues on appeal, none of which challenge the sufficiency of the evidence to support the
grounds for termination. Accordingly, we need not detail the factual circumstances underlying the
termination proceeding, but simply note that this proceeding arose from a report made by Alvarez's
spouse concerning abuse of one of the children, S.A. (2) We will affirm the trial court's judgment.

Authority


 Alvarez challenges the authority of the State of Texas to bring these proceedings and
the authority of the employees of the Texas Department of Protective and Regulatory Services ("the
Department") to take the actions they took in this case. In his first issue, appellant contends that the
State of Texas has no interest in his children. He presented to the trial court documents that he had
filed with the Secretary of State's office reflecting his "secured interest" in the children. There is
no dispute that Alvarez is the children's father. However, that he is the children's father does not
compel the conclusion that he alone has an interest in his children.

 A state has a parens patriae interest in preserving and promoting the welfare of its
children. Santosky v. Kramer, 455 U.S. 745, 766 (1982); Williams v. Patton, 821 S.W.2d 141, 149
(Tex. 1991). The State of Texas has the authority and duty to guard the well being of children, even
if so doing requires limiting the freedom and authority of parents over their children. See Prince v.
Massachusetts, 321 U.S. 158, 166 (1944); O.G. v. Baum, 790 S.W.2d 839, 840-41 (Tex.
App.--Houston [1st Dist.] 1990, orig. proceeding). In its exercise of this power, the Texas
legislature has established the Department as the agency having primary responsibility for providing
protective services for children. Tex. Hum. Res. Code Ann. § 40.002(b) (West 2001). The
Department received a referral reporting abuse that initiated its duty to investigate and determine
whether a child was in jeopardy. That referral ultimately resulted in this suit. In his second issue,
Alvarez contends that the Department had no standing to bring this suit. The Department has 
standing to bring a suit affecting the parent-child relationship as it did in this case. See Tex. Fam.
Code Ann. §§ 102.003(5), 262.001, .002 (West 2002). We overrule issues one and two. (3)

 In his third issue, Alvarez argues that the Department's caseworkers, in light of their
authority to "prosecute, interrogate children in secret, [and] remove children from their homes" by
necessity must be "officers of the State." As such, they must be appointed and take the oaths of
office mandated by article XVI, § 1 of the Texas Constitution. Because the caseworkers involved
with the Alvarez children have never done so, he asserts that "[t]his case is void, from the filing to
the prosecution to the judgment."

 The decisive factor in distinguishing a public officer from a public employee is
"whether any sovereign function of the government is conferred upon the individual to be exercised
by him for the benefit of the public largely independent of the control of others." Aldine Indep. Sch.
Dist. v. Standley, 280 S.W.2d 578, 583 (Tex. 1955); see also Prieto Bail Bonds v. State, 994 S.W.2d
316, 319-20 (Tex. App.--El Paso 1999, pet. ref'd). A public employee, however, is a person who
operates under "direct supervision" and who "exercises no independent executive power." Powell
v. State, 898 S.W.2d 821, 824-25 (Tex. Crim. App. 1994); State v. Pirtle, 887 S.W.2d 921, 931 (Tex.
Crim. App. 1984). The Department agrees that the caseworkers who conducted the investigation
were public employees; however, the functions that may be exercised by employees are broader than
Alvarez postulates.

 A public employee can exercise sovereign functions of the government while acting
under the direction and control of a public officer. See Powell, 898 S.W.2d at 824-25 (assistant
district attorney acts subject to control of district attorney); Harris County v. Schoenbacher, 594
S.W.2d 106, 111 (Tex. Civ. App.--Houston [1st Dist.] 1979, writ ref'd n.r.e.) (chief probation
officer has authority to perform certain sovereign functions under the direction and control of the
juvenile board); see also Op. Tex. Att'y Gen. No. DM-212 at 1123 (1993) (Individuals who perform
sovereign functions under the direction of another are not "officers."). The governor appoints a
board to govern the Department. Tex. Hum. Res. Code Ann. §§ 40.021, 40.028 (West 2001). The
Board has the authority to establish divisions within the Department as necessary for the discharge
of the Department's functions, such as the investigation of child abuse or neglect. Id. §§ 40.031-.032. Pursuant to that authority, the Department has established procedures for its employees to
carry out investigations of child abuse and to remove children from their homes when warranted. 
Tex. Fam. Code Ann. §§ 261.301-.16 (West 2002). As employees carrying out their duties under
the authority of the Department, the caseworkers were not required to take the oath of office to which
Alvarez refers. Tex. Const. art XVI, § 1. We overrule issue three.

 In his fourth issue, Alvarez asserts that the caseworker's interview of S.A. at school
violated Alvarez's privacy expectations. He also asserts that because the initial interview was not
recorded it lacked procedural safeguards and should be barred by the hearsay rule and the
Confrontation Clause of the United States Constitution. U.S. Const. amend. VI. The Department
has the express authority to interview a child "at any reasonable time and place, including the child's
home or the child's school." Tex. Fam. Code Ann. § 261.302(b)(1) (West 2002). The Department
has the authority to determine if anyone else should be present during the interview with the child. 
Id. § (b)(2). Alvarez misapprehends the nature of the proceeding--it is a proceeding to terminate
his parental rights; it is not a juvenile proceeding against his daughter with Fourth Amendment
protections for her, nor is it a criminal proceeding against him. See In Re C.W., 65 S.W.3d 353, 354
(Tex. App.--Beaumont 2001, no pet.) (termination proceeding is civil; Confrontation Clause applies
to criminal cases). With regard to his hearsay claim, Alvarez made no such objection to any
testimony concerning the interview and has waived any complaint. Tex. R. App. P. 33.1(a). We
overrule Alvarez's fourth issue.


Jurisdiction



 Alvarez's fifth, sixth, tenth, and twelfth issues raise a variety of reasons for voiding
various trial court orders in the cause. In his fifth issue, he contends that the court did not have
jurisdiction over him because he was never served. The officer's return of service shows Alvarez
was personally served. The officer's return is prima facie evidence of facts that cannot be rebutted
by the uncorroborated proof of a party disputing return. Primate Constr., Inc. v. Silver, 884 S.W.2d
151, 152-3 (Tex. 1994); West Columbia Nat'l Bank v. Griffith, 902 S.W.2d 201, 206 (Tex.
App.--Houston [1st Dist.] 1995, writ denied). Furthermore, Alvarez appeared at all proceedings in
the case. He nevertheless complains that he did not appear "voluntarily" but in response to a
caseworker telling him that he needed to appear in order to be able to keep his children. Appearing
at a court hearing and requesting affirmative relief, such as demanding S.A.'s return, invokes the
jurisdiction of the court and constitutes a "general appearance" even in the absence of proper service. 
See Toler v. Travis County Child Welfare Unit, 520 S.W.2d 834, 836-37 (Tex. Civ. App.--Austin
1975, writ ref'd n.r.e.) (immaterial to court's jurisdiction that party who was not served but appeared
and participated did not intend results flowing from that action). We overrule his fifth issue.

 In issues six, ten, and twelve, Alvarez claims the trial court lacked jurisdiction and
thus its orders in the case are void for a variety of reasons having to do with the judges who presided
over various stages of the proceedings. In issue six, he contends that a pretrial temporary order
signed by Judge Charles Ramsey was void because he did not timely file the oath of office with the
Secretary of State as required by article XVI, § 1 of the Texas Constitution. See Prieto Bail Bonds,
994 S.W.2d at 319-20. The record shows filings from the Secretary of State's office for several
oaths made by Judge Ramsey. The record does not, however, establish that Judge Ramsey had no
oath in effect on the date of the hearing. We overrule issue six.

 In issue ten, Alvarez complains that he filed an objection to "visiting judges" and thus
Judge Bill Bender improperly presided over the final hearing. See Tex. Gov't Code Ann. § 74.053
(West 1998). Under section 74.053, a party must timely file an objection to an assigned judge.
"Timely" means before the assigned judge presides over any hearings, including pretrial hearings. 
Id. § (b), (c). Judge Bender had already presided over a pre-trial hearing in this cause some six
months before Alvarez made any objection. Accordingly, the objection was not timely; we overrule
issue ten. Similarly, in issue twelve, Alvarez complains that Judge Bender improperly failed to
consider Alvarez's motion to recuse him. However, a motion to recuse must also be filed timely in
order to invoke the provisions of the recusal rules. Tex. R. Civ. P. 18a; see Sun Exploration &
Production Co. v. Jackson, 783 S.W.2d 202, 206 (Tex. 1989); Wright v. Wright, 867 S.W.2d 807,
811 (Tex. App.--El Paso 1993, writ denied). The record shows that Alvarez did not move to recuse
Judge Bender until the date of the hearing on Alvarez's motion for new trial, too late to invoke the
recusal provisions of Rule 18a. We overrule issue twelve. (4)


Due Process



 In issues seven, eight, nine, and eleven, Alvarez raises several due process complaints
concerning trial procedures. In point seven, he complains his due process rights were violated
because he was not allowed to call a certain witness at a pretrial hearing and the trial court did not
allow him to be heard on certain motions at the trial on the merits. Alvarez's first argument relates
to an attempt to call an evidentiary witness during a hearing on Alvarez's plea to the jurisdiction
based on his assertion that the Department employees lacked authority. Deciding his plea was a
matter of law; the Department did not contest the factual status of its employees. Accordingly, no
evidence from fact witnesses was necessary. At the final hearing in this cause, Alvarez stated that
he would continue to object to the proceedings because "documents that I have filed have never been
ruled on." Alvarez never identified which documents requiring action from the court had not been
ruled on and does not do so on appeal. Accordingly, he has waived any error, and we overrule issue
seven. See Tex. R. App. P. 33.1(a).

 In his eighth issue, Alvarez asserts he was denied due process during a hearing in
March 2000 because he was not served with any motions or documents before the hearing. He also
contends that certain motions that he filed were not part of the record. Alvarez did not request
preparation of a reporter's record from this hearing. Accordingly, we presume all procedural
requirements were met in the denial of Alvarez's motions made in the permanency hearing. See
Vickery v. Comm'n for Lawyer Discipline, 5 S.W.3d 241, 251 (Tex. App.--Houston [14th Dist.]
1999, pet. denied) (general presumption of validity applies to judgments of courts of general
jurisdiction). Further, Alvarez was the one filing motions; the Department opposed those motions
at the hearing but did not itself file documents requiring service. We overrule issue eight.

 In his ninth issue, Alvarez contends that he "never waived his right to a trial by jury" 
and so he was denied due process because he did not receive a trial by jury. The record shows that
Alvarez did not timely file a request for jury trial nor did he pay the jury fee. The trial court did not
abuse its discretion by denying Alvarez's untimely request. Tex. R. Civ. P. 216. There is no
requirement for an express waiver of a trial by jury in a suit to terminate parental rights. See In re
K.C., Jr., 23 S.W.3d 604, 608-09 (Tex. App.--Beaumont 2000, no pet.) (express waiver requirement
found in Code of Criminal Procedure and applies to criminal trials, not civil termination
proceedings).

 In his eleventh issue, Alvarez asserts that he was wrongly denied the right to question
S.A. at trial, and that this violated his right to confront a witness. The record shows that Alvarez
called S.A. to testify and questioned her. There is a somewhat confusing exchange after Alvarez
stated that he was through questioning witnesses. He started to suggest he wanted to question S.A.
again; however, Alvarez then asked to take a break and did not further pursue any more questioning,
request a ruling about whether he could recall S.A., or object to closing. Accordingly, he has waived
any objection on appeal. Tex. R. App. P. 33.1(a). We overrule issue eleven.


Conclusion



 We have overruled all of Alvarez's issues presented. Accordingly, we affirm the trial
court's judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear


Affirmed


Filed: November 21, 2002


Do Not Publish
1. Alvarez proceeds pro se in this appeal.
2. Alvarez's spouse entered a mediated settlement agreement with the Texas Department of
Protective and Regulatory Services. Her parental rights were not terminated.
3. In argument under issue one, Alvarez claims that government agents are not permitted to
commit trespass in violation of property rights. He does not cite to the record or explain how or
when any alleged trespass was committed. The Department, in conducting an investigation, has the
authority to interview a child "at any reasonable time and place, including the child's home or the
child's school." Tex. Fam. Code Ann. § 261.302(b)(1) (West 2002).
4. We note that Alvarez successfully moved to recuse Judge Andrew Hathaway earlier in the
proceeding.