# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00008-CV

---

**Enrique Alvarez, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

---

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT
NO. 00-FL-198, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING**

---

Enrique Alvarez[1] appeals from the trial court=s judgment terminating his parental rights in his three minor children. *See* Tex. Fam. Code Ann. ' 161.001 (West 2002). Alvarez brings twelve issues on appeal, none of which challenge the sufficiency of the evidence to support the grounds for termination. Accordingly, we need not detail the factual circumstances underlying the termination proceeding, but simply note that this proceeding arose from a report made by Alvarez=s spouse concerning abuse of one of the children, S.A.[2] We will affirm the trial court=s judgment.

---

[1] Alvarez proceeds *pro se* in this appeal.

[2] Alvarez=s spouse entered a mediated settlement agreement with the Texas Department of Protective and Regulatory Services. Her parental rights were not terminated.

**Authority**

Alvarez challenges the authority of the State of Texas to bring these proceedings and the authority of the employees of the Texas Department of Protective and Regulatory Services (Athe Department@) to take the actions they took in this case. In his first issue, appellant contends that the State of Texas has no interest in his children. He presented to the trial court documents that he had filed with the Secretary of State=s office reflecting his Asecured interest@ in the children. There is no dispute that Alvarez is the children=s father. However, that he is the children=s father does not compel the conclusion that he alone has an interest in his children.

A state has a *parens patriae* interest in preserving and promoting the welfare of its children. *Santosky v. Kramer*, 455 U.S. 745, 766 (1982); *Williams v. Patton*, 821 S.W.2d 141, 149 (Tex. 1991). The State of Texas has the authority and duty to guard the well being of children, even if so doing requires limiting the freedom and authority of parents over their children. *See Prince v. Massachusetts*, 321 U.S. 158, 166 (1944); *O.G. v. Baum,* 790 S.W.2d 839, 840-41 (Tex. App.CHouston [1st Dist.] 1990, orig. proceeding). In its exercise of this power, the Texas legislature has established the Department as the agency having primary responsibility for providing protective services for children. Tex. Hum. Res. Code Ann. ' 40.002(b) (West 2001). The Department received a referral reporting abuse that initiated its duty to investigate and determine whether a child was in jeopardy. That referral ultimately resulted in this suit. In his second issue, Alvarez contends that the Department had no standing to bring this suit. The

Department has standing to bring a suit affecting the parent-child relationship as it did in this case. *See* Tex. Fam. Code Ann. '' 102.003(5), 262.001, .002 (West 2002). We overrule issues one and two.[3]

In his third issue, Alvarez argues that the Department=s caseworkers, in light of their authority to Aprosecute, interrogate children in secret, [and] remove children from their homes@ by necessity must be Aofficers of the State.@ As such, they must be appointed and take the oaths of office mandated by article XVI, ' 1 of the Texas Constitution. Because the caseworkers involved with the Alvarez children have never done so, he asserts that A[t]his case is void, from the filing to the prosecution to the judgment.@

---

[3] In argument under issue one, Alvarez claims that government agents are not permitted to commit trespass in violation of property rights. He does not cite to the record or explain how or when any alleged trespass was committed. The Department, in conducting an investigation, has the authority to interview a child Aat any reasonable time and place, including the child=s home or the child=s school.@ Tex. Fam. Code Ann. ' 261.302(b)(1) (West 2002).

The decisive factor in distinguishing a public officer from a public employee is Awhether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others*.@ *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955); *see also Prieto Bail Bonds v. State*, 994 S.W.2d 316, 319-20 (Tex. App.CEl Paso 1999, pet. ref=d).  A public employee, however, is a person who operates under Adirect supervision@ and who Aexercises no independent executive power.@ *Powell v. State*, 898 S.W.2d 821, 824-25 (Tex. Crim. App. 1994); *State v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1984).  The Department agrees that the caseworkers who conducted the investigation were public employees; however, the functions that may be exercised by employees are broader than Alvarez postulates.

**4**

A public employee can exercise sovereign functions of the government while acting under the direction and control of a public officer. *See Powell*, 898 S.W.2d at 824-25 (assistant district attorney acts subject to control of district attorney); *Harris County v. Schoenbacher*, 594 S.W.2d 106, 111 (Tex. Civ. App.CHouston [1st Dist.] 1979, writ ref=d n.r.e.) (chief probation officer has authority to perform certain sovereign functions under the direction and control of the juvenile board); *see also* Op. Tex. Att=y Gen. No. DM-212 at 1123 (1993) (Individuals who perform sovereign functions under the direction of another are not Aofficers.@). The governor appoints a board to govern the Department. Tex. Hum. Res. Code Ann. '' 40.021, 40.028 (West 2001). The Board has the authority to establish divisions within the Department as necessary for the discharge of the Department=s functions, such as the investigation of child abuse or neglect. *Id*. '' 40.031-.032. Pursuant to that authority, the Department has established procedures for its employees to carry out investigations of child abuse and to remove children from their homes when warranted. Tex. Fam. Code Ann. '' 261.301-.16 (West 2002). As employees carrying out their duties under the authority of the Department, the caseworkers were not required to take the oath of office to which Alvarez refers. Tex. Const. art XVI, ' 1. We overrule issue three.

In his fourth issue, Alvarez asserts that the caseworker=s interview of S.A. at school violated Alvarez=s privacy expectations. He also asserts that because the initial interview was not recorded it lacked procedural safeguards and should be barred by the hearsay rule and the Confrontation Clause of the United States Constitution. U.S. Const. amend. VI. The Department has the express authority to interview a child Aat any reasonable time and place, including the child=s home or the child=s school.@ Tex. Fam. Code Ann. ' 261.302(b)(1) (West 2002). The Department has the authority to determine if anyone else should be

present during the interview with the child. *Id.* ' (b)(2). Alvarez misapprehends the nature of the proceedingCit is a proceeding to terminate his parental rights; it is not a juvenile proceeding against his daughter with Fourth Amendment protections for her, nor is it a criminal proceeding against him. *See In Re C.W.*, 65 S.W.3d 353, 354 (Tex. App.CBeaumont 2001, no pet.) (termination proceeding is civil; Confrontation Clause applies to criminal cases). With regard to his hearsay claim, Alvarez made no such objection to any testimony concerning the interview and has waived any complaint. Tex. R. App. P. 33.1(a). We overrule Alvarez=s fourth issue.

**Jurisdiction**

Alvarez=s fifth, sixth, tenth, and twelfth issues raise a variety of reasons for voiding various trial court orders in the cause. In his fifth issue, he contends that the court did not have jurisdiction over him because he was never served. The officer=s return of service shows Alvarez was personally served. The officer=s return is prima facie evidence of facts that cannot be rebutted by the uncorroborated proof of a party disputing return. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152-3 (Tex. 1994); *West Columbia Nat=l Bank v. Griffith*, 902 S.W.2d 201, 206 (Tex. App.CHouston [1st Dist.] 1995, writ denied). Furthermore, Alvarez appeared at all proceedings in the case. He nevertheless complains that he did not appear Avoluntarily@ but in response to a caseworker telling him that he needed to appear in order to be able to keep his children. Appearing at a court hearing and requesting affirmative relief, such as demanding S.A.=s return, invokes the jurisdiction of the court and constitutes a Ageneral appearance@ even in the absence of proper service. *See Toler v. Travis County Child Welfare Unit*, 520 S.W.2d 834, 836-37 (Tex. Civ. App.CAustin 1975, writ ref=d n.r.e.) (immaterial to court=s jurisdiction that party who was not

**6**

served but appeared and participated did not intend results flowing from that action). We overrule his fifth issue.

In issues six, ten, and twelve, Alvarez claims the trial court lacked jurisdiction and thus its orders in the case are void for a variety of reasons having to do with the judges who presided over various stages of the proceedings. In issue six, he contends that a pretrial temporary order signed by Judge Charles Ramsey was void because he did not timely file the oath of office with the Secretary of State as required by article XVI, ' 1 of the Texas Constitution. *See Prieto Bail Bonds*, 994 S.W.2d at 319-20. The record shows filings from the Secretary of State=s office for several oaths made by Judge Ramsey. The record does not, however, establish that Judge Ramsey had no oath in effect on the date of the hearing. We overrule issue six.

In issue ten, Alvarez complains that he filed an objection to Avisiting judges@ and thus Judge Bill Bender improperly presided over the final hearing. *See* Tex. Gov=t Code Ann. ' 74.053 (West 1998). Under section 74.053, a party must timely file an objection to an assigned judge. ATimely@ means before the assigned judge presides over any hearings, including pretrial hearings. *Id*. ' (b), (c). Judge Bender had already presided over a pre-trial hearing in this cause some six months before Alvarez made any objection. Accordingly, the objection was not timely; we overrule issue ten. Similarly, in issue twelve, Alvarez complains that Judge Bender improperly failed to consider Alvarez=s motion to recuse him. However, a motion to recuse must also be filed timely in order to invoke the provisions of the recusal rules. Tex. R. Civ. P. 18a; *see Sun Exploration & Production Co. v. Jackson*, 783 S.W.2d 202, 206 (Tex. 1989); *Wright v. Wright*, 867 S.W.2d 807, 811 (Tex. App.CEl Paso 1993, writ denied). The record shows that Alvarez

**7**

did not move to recuse Judge Bender until the date of the hearing on Alvarez=s motion for new trial, too late

to invoke the recusal provisions of Rule 18a. We overrule issue twelve.[4]

### Due Process

In issues seven, eight, nine, and eleven, Alvarez raises several due process complaints

concerning trial procedures. In point seven, he complains his due process rights were violated because he

was not allowed to call a certain witness at a pretrial hearing and the trial court did not allow him to be

heard on certain motions at the trial on the merits. Alvarez=s first argument relates to an attempt to call an

evidentiary witness during a hearing on Alvarez=s plea to the jurisdiction based on his assertion that the

Department employees lacked authority. Deciding his plea was a matter of law; the Department did not

contest the factual status of its employees. Accordingly, no evidence from fact witnesses was necessary.

At the final hearing in this cause, Alvarez stated that he would continue to object to the proceedings because

Adocuments that I have filed have never been ruled on.@ Alvarez never identified which documents requiring

action from the court had not been ruled on and does not do so on appeal. Accordingly, he has waived any

error, and we overrule issue seven. *See* Tex. R. App. P. 33.1(a).

In his eighth issue, Alvarez asserts he was denied due process during a hearing in March

2000 because he was not served with any motions or documents before the hearing. He also contends that

certain motions that he filed were not part of the record. Alvarez did not request preparation of a reporter=s

---

[4] We note that Alvarez successfully moved to recuse Judge Andrew Hathaway earlier in the proceeding.

record from this hearing. Accordingly, we presume all procedural requirements were met in the denial of Alvarez=s motions made in the permanency hearing. *See Vickery v. Comm=n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.CHouston [14th Dist.] 1999, pet. denied) (general presumption of validity applies to judgments of courts of general jurisdiction). Further, Alvarez was the one filing motions; the Department opposed those motions at the hearing but did not itself file documents requiring service. We overrule issue eight.

In his ninth issue, Alvarez contends that he Anever waived his right to a trial by jury@ and so he was denied due process because he did not receive a trial by jury. The record shows that Alvarez did not timely file a request for jury trial nor did he pay the jury fee. The trial court did not abuse its discretion by denying Alvarez=s untimely request. Tex. R. Civ. P. 216. There is no requirement for an express *waiver* of a trial by jury in a suit to terminate parental rights. *See In re K.C., Jr.*, 23 S.W.3d 604, 608-09 (Tex. App.CBeaumont 2000, no pet.) (express waiver requirement found in Code of Criminal Procedure and applies to criminal trials, not civil termination proceedings).

In his eleventh issue, Alvarez asserts that he was wrongly denied the right to question S.A. at trial, and that this violated his right to confront a witness. The record shows that Alvarez called S.A. to testify and questioned her. There is a somewhat confusing exchange after Alvarez stated that he was through questioning witnesses. He started to suggest he wanted to question S.A. again; however, Alvarez then asked to take a break and did not further pursue any more questioning, request a ruling about whether he could recall S.A., or object to closing. Accordingly, he has waived any objection on appeal. Tex. R. App. P. 33.1(a). We overrule issue eleven.

**9**

## Conclusion

We have overruled all of Alvarez=s issues presented. Accordingly, we affirm the trial court=s judgment.


Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: November 21, 2002

Do Not Publish