# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

October 7, 2014

The Honorable Lisa L. Peterson
Nolan County Attorney
100 East 3rd Street, Suite 106A
Sweetwater, Texas 79556

Opinion No. GA-1083

Re: Whether concurrent service as a juvenile probation officer and a trustee on an independent school district's board of trustees creates a conflict of interest (RQ-1195-GA)

Dear Ms. Peterson:

You ask about the service of a juvenile probation officer who also serves as the presiding member of an independent school district board of trustees.[1] You ask:

> 1) Given the funding provision of the enabling statute, does concurrent employment with the Fisher, Mitchell and Nolan Counties Juvenile Department and service on the Sweetwater Independent School District Board of Trustees constitute a conflict of interest?
>
> 2) If service as a member of the Board of Trustees does not create such a conflict, does serving as the presiding officer of the Board constitute a conflict?

Request Letter at 1–2.

You tell us the Juvenile Department ("Department") comprises Fisher, Mitchell, and Nolan counties. *See id.*; TEX. HUM. RES. CODE ANN. §§ 152.0821 (West 2013) (Fisher County), 152.1741 (Mitchell County), 152.1831 (Nolan County). You inform us that the individual is employed by the Department as a probation officer. *See* Request Letter at 1. You also tell us that

---

[1]*See* Letter from Honorable Lisa L. Peterson, Nolan Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Apr. 3, 2014), https://www.texasattorneygeneral.gov/opin ("Request Letter").

the individual serves as the presiding member of the board of trustees of the Sweetwater Independent School District ("District"), which is located in Nolan County. *See id.*

Your questions are prompted by two potential situations in which the positions may interact. *See id.* at 2–3. First, you note that the District, as one of the constituent governmental bodies of the Department, partially funds the Department's operations. *See id.* at 2; *see also* TEX. HUM. RES. CODE ANN. § 152.1831(d), (g) (West 2013). You are concerned that the District's preparation of its budget places the juvenile probation officer in a position to participate in the District's decisions to fund the Department. *See* Request Letter at 3. You also raise the possibility of the interaction between the juvenile probation officer and a juvenile case manager appointed by the District. *Id.* at 2. Those two positions have potentially overlapping duties that may necessitate the need for a meeting between the Department and the District, which may be called only by the presiding member of the District's board. *See* TEX. EDUC. CODE ANN. § 37.013 (West 2012); *see also* TEX. CODE CRIM. PROC. ANN. art. 45.056(a)(2) (West Supp. 2013). You are concerned about a situation in which an employee of the Department requires her supervisors to meet with a governmental body she chairs. *See* Request Letter at 2. Mindful of these possible situations, we turn to your questions.[2]

We first consider article XVI, section 40 of the Texas Constitution, which provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40. A "civil office" for purposes of this provision is a "public office." *Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.). The position of school district trustee is a public office, but as it is an uncompensated position, it is not one "of emolument." Tex. Att'y Gen. Op. No. GA-0738 (2009) at 2; *see also* TEX. EDUC. CODE ANN. § 11.061(d) (West 2012) ("The trustees serve without compensation."); *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) ("An 'emolument' is a pecuniary profit, gain, or advantage."). Article XVI, section 40 does not bar the dual service here.

Absent a constitutional prohibition, we next consider the common-law doctrine of incompatibility. There are three aspects: (1) self-appointment, (2) self-employment, and (3) conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0826 (2010) at 2. The last of the three, conflicting-loyalties incompatibility, requires that both positions be public offices. Tex. Att'y Gen. Op. No. GA-0766 (2010) at 2. The Texas Supreme Court has said that the "determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). A Texas court of appeals has determined that a chief juvenile

_____

[2]In your request letter, you refer to the separation-of-powers provision in the Texas Constitution. *See* Request Letter at 2; *see also* TEX. CONST. art. II, § 1. In the past, this office considered the provision as a prohibition against dual office holding, but we "have long since abandoned the use of the doctrine as a bar to dual office holding." Tex. Att'y Gen. Op. No. GA-0348 (2005) at 2.

probation officer has some authority to perform some sovereign functions of government but does not perform them largely independent of the control of the juvenile board and is not an officer. *See Harris Cnty. v. Schoenbacher*, 594 S.W.2d 106, 111 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Subordinate to the chief juvenile probation officer, a juvenile probation officer certainly cannot be said to exercise duties, sovereign or otherwise, independent of the control of others. *See* TEX. HUM. RES. CODE ANN. § 152.0008(b) (West 2013). A juvenile probation officer is not a public officer under article XVI, section 40. As a result, conflicting-loyalties incompatibility does not bar the dual service in question.

Self-appointment incompatibility derives from the Texas Supreme Court's decision in *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). In *Ehlinger*, the court recognized the incompatibility of a person being both a member of a body making an appointment and an appointee of that body. *Id.* (ruling that county judge could not be employed as attorney by the commissioners court over which the judge presided). The presiding member of the District's board of trustees has no power of appointment over the personnel of the Department. *See* TEX. HUM. RES. CODE ANN. § 152.0008(a) (West 2013). That power belongs to the chief juvenile probation officer and the Department's board. *See id.*; *see also id.* § 142.002(a). Thus, self-appointment incompatibility also does not bar the dual service in question.

Remaining is self-employment incompatibility, which prohibits an individual "from holding both an office and an employment that the office supervises." Tex. Att'y Gen. Op. No. GA-0826 (2010) at 2. It is applicable when the officer has a direct supervisory role over his or her own employment or when the relationship between the two positions gives rise to a "great risk that one would impose its policies on the other." Tex. Att'y Gen. Op. No. GA-0348 (2005) at 3. The officer's supervision of the employee is key. *See* Tex. Att'y Gen. Op. No. GA-0536 (2007) at 4. The presiding member of the District's board of trustees does not directly supervise the juvenile probation officer. The District's partial funding of the Department does not authorize the District (including its presiding member) to supervise employees of the Department. Similarly, section 37.013 of the Education Code, which authorizes a meeting held between the District and the Department's board, is not a basis for the District or its presiding member to control, supervise or impose policies on the employees of the Department. TEX. EDUC. CODE ANN. § 37.013 (West 2012). Accordingly, the dual service you describe is not prohibited by self-employment incompatibility.

Finally, conflicts of interest at the local government level are governed by chapter 171 of the Local Government Code, which provides that "[i]f a local public official has a substantial interest in a business entity," the official must declare the interest in an affidavit filed with the governmental body and abstain from further participation in the matter. TEX. LOC. GOV'T CODE ANN. § 171.004(a) (West 2008). The presiding officer of a school district board of trustees falls within the definition of "local public official" for purposes of chapter 171. *See id.* § 171.001(1). The definition of a "substantial interest" includes "funds received by the person from the business entity [that] exceed 10 percent of the person's gross income for the previous year" and likely includes the juvenile probation officer's salary. *Id.* § 171.002(2). Yet, a juvenile probation department is likely not a business entity under chapter 171 because it is a public, not private, entity. *See* Tex. Att'y Gen. Op. No. GA-0826 (2010) at 1. Even assuming the Department was a business entity, as we noted above, chapter 171 requires only that the local public official file an

affidavit with the board and abstain from further participation in the matter. *See* TEX. LOC. GOV'T CODE ANN. § 171.004(a) (West 2008). It does not bar concurrent dual service. Tex. Att'y Gen. Op. No. GA-0015 (2003) at 4–5 (distinguishing incompatibility from conflicts of interest under chapter 171). Whether or not chapter 171 applies to the situation you describe, following its procedures—declaring a conflict of interest and abstaining from participation in related matters—may be a prudent course for local officials who wish to avoid any appearance of impropriety.

## S U M M A R Y

Concurrent employment with the Fisher, Mitchell, and Nolan Counties Juvenile Department and service as the presiding member of the Sweetwater Independent School District is not incompatible and likely does not constitute a conflict of interest under chapter 171 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee