LEE FREDERICK AND R. L. BOWYER V. THE STATE.

No. 17987. Delivered March 18, 1936.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant R. L. Bowyer is surety on the appearance bond of Lee Frederick. He was served with scire facias, and failed to appear, and final judgment by default was entered.

The appearance bond was executed July 30, 1934, before a justice of the peace sitting as an examining court. It required Frederick to make his personal appearance before the district court of Brown County on the 29th of October, 1934, to answer a charge of felony theft. An indictment was returned in the district court of Brown County on the 7th of December, 1934, charging Frederick with theft of property over the value of fifty dollars. The case being called for trial on the 19th of December, 1934, Frederick failed to appear and judgment nisi was entered forfeiting the appearance bond. After scire facias had been issued and served a final judgment by default was entered against Frederick and Bowyer and a dismissal entered as to R. C. Winters, one of the sureties.

It is recited in the judgment nisi that the bond was executed on the 30th of July, 1934, in the penal sum of $1,000 conditioned that Lee Frederick, as principal, should make his personal appearance before the district court of Brown County on the 29th of October, 1934, to answer upon a charge by complaint therein filed accusing him of the offense of felony theft. We quote from the scire facias, as follows:

"Whereas, on the 30th day of July, 1934, in a certain

prosecution pending in our District Court of Brown County, Texas, wherein The State of Texas is Plaintiff, and Lee Frederick is Defendant, the same being cause No. 4825 on the Criminal Docket of said Court, the said Defendant did enter into a Bail Bond with R. C. Winters and R. L. Bowyer as sureties, in the penal sum of One Thousand Dollars: Conditioned, That the said Defendant should make his personal appearance before the said Court on the 29th day of October, 1934, then and there to answer the State of Texas upon a charge by Indictment duly presented in said Court, wherein Lee Frederick the said defendant, is charged with the offense of Felony Theft and there remain from day to day and term to term until discharged by law * * *."

Manifestly, the judgment nisi and scire facias fail to correctly set forth the facts. Frederick was not charged by complaint in the district court, as alleged in the judgment nisi; nor had he entered into bond before the district court in cause No. 4825 on the docket of said court. In Harris et al. v. State, 279 S. W., 817, this court said: "Whether true or not, it affirmatively appears, by the recitals in the judgment nisi, scire facias, and bond, that Mrs. Harris was bound to appear in the district court and answer a charge of felony prosecuted by complaint. The scire facias (the pleading) does not allege a cause of action which will support the judgment." We are constrained to hold that the pleading of the State fails to support the final judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.