**PRIETO BAIL BONDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–96–00342–CV.

Court of Appeals of Texas, El Paso.

June 20, 1997.

Rehearing Overruled July 23, 1997.

Mark T. Davis, El Paso, for Appellant.

Jose R. Rodriguez, County Attorney, El Paso, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

Prieto Bail Bonds appeals a judgment nisi forfeiting a $40,000 bail bond upon which Prieto was surety. We affirm.

### Oath of Senior Judge Jerry Woodard

■ In its first point of error, Prieto claims the judgment nisi was void because the presiding judge failed to take an oath of office. Finding that the judge possessed *de facto* judicial authority, not subject to collateral attack, we overrule the point.

The Honorable Jerry Woodard was district judge of the 34th District Court of El Paso County for seventeen years, from 1969 until 1986. He was Justice on the Eighth Court of Appeals from 1986 until April 1992. In 1992, he retired and requested assignment as a senior judge pursuant to TEX.GOV'T CODE ANN. § 75.001 (Vernon 1988 and Supp. Pamph.1997). Judge Woodard took his last oath of office as a judge when he became justice of the appellate court in 1986; that term of office expired upon his retirement in 1992. He has not taken the oaths required by TEX. CONST. art. XVI, § 1 since that time.[1]

Pursuant to TEX.GOV'T CODE ANN. § 74.054, the presiding judge of the sixth administrative judicial region appointed Judge Woodard to preside over the West Texas Impact Court No. 1. Judge Woodard met all statutory requirements for the appointment. No statute explicitly requires that judges appointed under TEX.GOV'T CODE ANN. § 74 take an oath of office before being assigned to cases as visiting judges. We must decide, then, whether the two oaths constitutionally required of all "elected and appointed" officers apply to senior judges assigned pursuant to Chapter 74, and if so, does the failure to take these oaths void all judicial actions taken by such judge.

### 1. The constitutional requirement

Appellant's argument is simple and provocative. It argues that, when presiding over this case, Judge Woodard sat as a senior judge, without taking the two oaths of office required by the Texas Constitution. Thus, having failed to fulfill the constitutional prerequisites to holding office, his actions as senior judge were void, including his signing of the judgment nisi forfeiting the bond in question.[2] *See Lone Star Industries, Inc. v. Ater,* 845 S.W.2d 334, 337 (Tex.App.—El Paso 1992)(orig.proceeding).

The statutory scheme for appointment of judges subject to assignment does not require those officials to take an oath upon accepting an assignment. TEX.GOV'T CODE ANN. ch. 74 & 75. Nevertheless, the Texas Code Construction Act provides that:

In enacting a statute, it is presumed that: (1) compliance with the constitutions of this state and the United States is intended.... TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988).

The State makes several arguments as to why a senior judge need not take the constitutional oaths upon electing that status. We do not find any of the State's arguments

---

1. The Constitution requires that all elected and appointed officers of the State, before taking the oath of office, shall swear or affirm that they have not paid or promised any money or thing of value or promised public office or employment to secure votes or an appointment (the "anti-bribery oath"). This oath must be filed with the Secretary of State before swearing or affirming to the oath of office, in which the officer swears to faithfully execute his or her duties and preserve, protect and defend the Constitutions of the United States and of Texas. TEX. CONST. art. XVI, § 1.

2. Actually, appellant attempts only to challenge the judgment nisi and no other act. This it cannot do: if failure to take the oaths of office render one judicial act void, that failure must render every act taken in the absence of the oaths void as well.

particularly persuasive, but find we need not reach them for the reasons set out below.

### 2. De facto authority

■ As a senior judge complying with the statutory requirements for assignment, Judge Woodard is at least a de facto officer, whose acts may not be attacked collaterally but rather may be challenged only by the State in a quo warranto proceeding. A de facto officer is one who acts under color of authority, and is otherwise qualified to hold office, but who has not completed all conditions precedent, such as taking an oath or filing a bond. *Williams v. State*, 588 S.W.2d 593, 595 (Tex.Crim.App.1979). When a judge holds office under color of title by appointment, his or her official acts are conclusive and cannot be attacked by third parties in a collateral proceeding. *Ex parte Lefors*, 171 Tex.Crim. 229, 347 S.W.2d 254, 255 (1961); *Burgett v. State*, 865 S.W.2d 594, 600 (Tex. App.—Fort Worth 1993, pet. ref'd); *Texaco, Inc. v. Pennzoil*, 729 S.W.2d 768, 854 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). This doctrine has been specifically applied to a challenge to the acts of a visiting judge for failure to take the constitutional oaths. *Texaco*, 729 S.W.2d at 854.

Here, it is undisputed that Judge Woodard fulfilled all statutory requirements for assignment as a senior judge. He last took the oath of office when elected to the Eighth Court of Appeals in 1986 [3] and has, since that time, continued to act under color of authority. When a judge is holding office under color of title by appointment and discharging the duties of the office, his "acts are conclusive as to all persons interested and cannot be attacked in a collateral proceeding, even

though the person acting as judge lacks the necessary qualifications and is incapable of legally holding the office." *Gonzalez v. State*, 938 S.W.2d 482, 484 (Tex.App.—El Paso 1996, pet. ref'd), quoting *Texaco*, 729 S.W.2d at 854. The only means of challenging the judge's authority, then, is through a quo warranto action, in which the state is an indispensable party. *Lewis v. Drake*, 641 S.W.2d 392, 395 (Tex.App.—Dallas 1982)(orig.proceeding). Sound public policy underlies this rule:

> Public officers should be free to perform their duties without having their authority questioned incidentally in litigation between other parties. They should not be called on to defend their authority unless a proper legal officer of the State has determined that the question raised is serious and deserves judicial consideration. . . . *Id.*

We therefore conclude that the acts of Judge Woodard as presiding judicial officer in this case were not void. Points of Error One through Seven are overruled.[4]

### Status of the Impact Court

■ In its eighth point of error, Prieto contends that the duly-elected judge of the 34th District Court (who was also the administrative judge of the sixth judicial region) failed to maintain control over the West Texas Impact Court, instead allowing it to function as a fully independent court. This, Prieto contends, amounted to creation of a constitutionally impermissible permanent court without legislative authorization. In so arguing, Prieto relies upon the recent case of *Ex parte Dharmagunaratne*, Nos. 02–95–00231–CR, 02–95–00233–CR, 1996 WL 354036 (Tex.App.—Fort Worth June 27,

---

3. The requirements concerning the oaths of office were altered in 1989. Before that time, there was no requirement that the anti-bribery oath be filed with the Secretary of State. Thus, the oath Judge Woodard took in 1986, even if otherwise adequate, is not in compliance with the current requirements of the constitution. Such failure, however, is not fatal to his status as a de facto officer. *See Gonzalez v. State*, 938 S.W.2d 482 (Tex.App.—El Paso 1996, pet. ref'd).

4. By our decision here, we in no way condone the apparently widespread practice of assigning

judges without requiring them to take the oaths mandated by the Constitution. We are far from convinced that the last oath taken by judges in their elected capacity continues to cloak them with anything but the barest judicial imprimatur after that term expires. Elected judges must take a new oath with each new term: we cannot see how senior or former judges' oaths may survive their term of office, while those taken by a judge successfully seeking re-election do not. Under the settled law before us, however, we need not reach this thorny issue.

1996). The issue was not properly presented below, however, because Prieto failed to raise a complaint which would have allowed the trial court an opportunity to address the issue. TEX.R.APP.P. 52(a); *Luna v. Southern Pacific Transportation Company*, 724 S.W.2d 383, 384 (Tex.1987); *Sunwest Bank of El Paso v. Gutierrez*, 819 S.W.2d 673, 675 (Tex.App.—El Paso 1991, writ denied). The point is waived.

### Complaint and Information

In its ninth point of error, Prieto asserts that there is no evidence Saenz was required to appear because no complaint and information issued, and the judgment nisi recites that the principal's appearance before the West Texas Impact Court No. 1 is conditioned upon his answering a "charge by complaint and information therein filed." We find this argument without merit.

█ Saenz was charged with a felony offense, by indictment. Where, as here, there was no challenge to the validity of the indictment, a recitation that the charge was by "complaint and information" is not fatal to the judgment nisi. Prieto's reliance on *Frederick v. State*, 130 Tex.Crim. 65, 92 S.W.2d 254 (App.1936) and *Harris v. State*, 103 Tex. Crim. 61, 279 S.W. 817 (App.1926) is misplaced. There, the accused was not charged by indictment or the indictment was void. Here, there was no such defect. Point of Error Nine is overruled.

### Appearance in 34th District Court

█ In its final point of error, Prieto Bail Bonds asserts the State presented no evidence to support the finding that Saenz failed to appear before a court in which his case was pending. Prieto claims the judgment nisi is evidence that Saenz failed to appear before the West Texas Impact Court No. 1 but did not establish that he failed to appear in the 34th District Court which had jurisdiction over his case. This, too, is without merit.

Prieto argues there is a fatal variance between the bond which requires Saenz to appear in the 34th District Court and the judgment nisi which refers to the West Texas Impact Court No. 1. Prieto cites us to *Deckard v. State*, 615 S.W.2d 717 (Tex.Crim.App. 1981). In *Deckard*, the bond provided that the principal would appear before the 175th District Court and the judgment nisi, entered in the 227th District Court, recited that the bond was forfeited for the principal's failure to appear before *this* court. *Id.* at 718. The Court of Criminal Appeals held that the State was not entitled to summary judgment because the State failed to produce evidence that the case had been transferred from the 175th District Court to the 227th District Court. *Id.* at 719.

In contrast, the record here reflects that the West Texas Impact Court is not in and of itself a court. Rather, it operates as an extension of the 34th District Court. All cases heard in the Impact Court are filed in the 34th District Court. The Impact Court is a subdivision of the 34th District Court. A failure to appear in the West Texas Impact Court is a failure to appear in the 34th District Court. The judgment nisi is prima facie proof that Saenz failed to appear before the 34th District Court. Prieto has offered no evidence to controvert this proof. Thus, the evidence is legally sufficient to support the trial court's finding that Saenz failed to appear as required. Prieto's tenth point of error is overruled.

### CONCLUSION

The trial court's judgment is affirmed.