**PRIETO BAIL BONDS, Appellant,**

v.

**The STATE of Texas.**

**No. 1335–97.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 21, 1998.

Mark T. Davis, El Paso, for appellant.

Cygne Nemir, Edward M. Sosa, Asst. Dist. Atty., El Paso, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant Prieto Bail Bonds appeals a judgment nisi forfeiting a $40,000 bail bond upon which it was the surety. Principal and criminal defendant Victor Manuel Saenz was charged with unlawful delivery of marijuana over fifty pounds but less than two hundred pounds. His case was assigned to the 34th Judicial District Court and thereafter segregated for hearing by the Honorable Jerry Woodard, senior judge assigned to the 34th District Court, as a "drug impact" case. On December 12, 1992, appellant surety Prieto Bail Bonds posted an appearance bond in the amount of $40,000.00 on behalf of Saenz. On July 6, 1993, Saenz failed to appear in court, and on July 7, 1993, Judge Woodard signed a

Judgment Nisi forfeiting the appearance bond posted by appellant.[1]

The Court of Appeals in El Paso affirmed the judgment of the trial court. Among its several points of error, appellant argued to that court that Judge Woodard had failed to take the two oaths constitutionally required of all "elected and appointed" officers; therefore, he had no judicial authority and the judgment nisi forfeiting the $40,000 bond was void. However, the Court of Appeals rejected this argument, finding that Judge Woodard possessed *de facto* authority, which was not subject to a collateral attack. *Prieto Bail Bonds v. State*, 948 S.W.2d 69, 70–71 (Tex.App.-El Paso 1997, pet. granted).

We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in concluding that Judge Woodard was a *de facto* judge acting under color of title, because he had not taken the prescribed oath of office and had not subscribed to and filed with the Texas Secretary of State the prescribed anti-bribery statement; and whether the Court of Appeals erred in concluding that the appellant was limited in challenging Judge Woodard's authority to the State bringing a *quo warranto* proceeding, so that appellant's challenge on direct appeal was improper.[2]

The judgment of the Court of Appeals is vacated, and the case is remanded to that Court for reconsideration in light of *Wilson v. State*, 977 S.W.2d 379 (Tex.Crim.App. 1998).

---

1. Saenz, the principal, has not appealed this cause and is not a party to this appeal. Only appellant and surety, Prieto Bail Bonds, is before this Court.

2. The precise grounds on which we granted appellant's petition for discretionary review are as follows:(1) The Eighth Court of Appeals erred in concluding that Mr. Jerry Woodard was a *de facto* judge acting under color of title, because he has not taken the oath of office required by Art. 16, § 1(c) of the Texas Constitution; (2) The Eighth Court of Appeals erred in concluding that Mr. Jerry Woodard was a *de facto* judge acting under color of title, because he has not subscribed to and filed an anti-bribery statement with the Texas Secretary of State required by Art. 16, §§ 1(d) and (f) of the Texas Constitution; (3) The Eighth Court of Appeals erred in affirming the trial court's judgment and holding that Mr. Jerry Woodard's acts were valid, because Mr.

Woodard, having never taken the oath of office and having never subscribed to and filed an anti-bribery statement with the Texas Secretary of State, as required by Art. 16, §§ 1(c), (d) and (f) of the Texas Constitution, was not acting as a *de facto* judge acting under color of title; (4) The Eighth Court of Appeals erred in concluding that the Appellant is limited to the State bringing a direct action through a quo warranto proceeding and that the Appellant's challenge was improper, because this is a challenge to Mr. Jerry Woodard's right to act in a capacity as a *de facto* judge, not the rights of a *de facto* judge, which right to so act in such capacity depends on his taking the oath of office and his subscribing to and filing of an anti-bribery statement with the Texas Secretary of State before taking the oath of office, all required by Art. 16, §§ 1(c), (d) and (f) of the Texas Constitution, was not acting as a *de facto* judge acting under color of title.