PRIETO BAIL BONDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–96–00342–CV.

Court of Appeals of Texas, El Paso.

May 27, 1999.

Rehearing Overruled July 14, 1999.

---

3. "The law is harsh, but it is the law."

Mark T. Davis, El Paso, for appellant.

Jose R. Rodriguez, County Atty., El Paso, for appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## *OPINION ON REMAND*

LARSEN, Justice.

Prieto Bail Bonds appeals a judgment nisi and subsequent judgment forfeiting a $40,000 bail bond upon which Prieto was surety. We reverse and render.

### *Oath of Senior Judge Jerry Woodard*

█ In its first point of error, Prieto contends that the judgment of forfeiture is invalid because the judgment nisi, a procedural prerequisite to the forfeiture, was defective as the judge who signed it failed to take an oath of office. We initially affirmed the trial court's judgment by holding that the presiding judge was a *de facto* judge acting under color of title and the only means to challenge his authority was by *quo warranto* proceeding.[1] The Court of Criminal Appeals, however, re-

---

1. *Prieto Bail Bonds v. State,* 948 S.W.2d 69, 71 (Tex.App.—El Paso 1997), *rev'd,* 978 S.W.2d 574 (Tex.Crim.App.1998).

versed our ruling and remanded the case for analysis in light of its recent holding in *Wilson v. State*.[2] *Wilson* overruled the previous dictate that a procedural irregularity in the assignment of a former judge who is otherwise qualified may be challenged only through a *quo warranto* proceeding.[3] Under *Wilson*, a party may challenge the authority of a trial judge by regular appeal provided the party objects pretrial.[4] In this case, Prieto raised its challenge to Judge Woodard after the judgment nisi issued but prior to the final forfeiture hearing. Since the judgment nisi is the first notice of forfeiture given to a surety such as Prieto,[5] we find that Prieto objected timely. Accordingly, we will address Prieto's challenge to Judge Woodard's authority pursuant to *Wilson*.

### Facts

The Honorable Jerry Woodard was District Judge of the 34th District Court of El Paso County for seventeen years, from 1969 until 1986. He was Justice on the Eighth Court of Appeals from 1986 until April 1992. In 1992, he retired and requested assignment as a senior judge pursuant to the Texas Government Code.[6] Judge Woodard took his last oath of office as a judge when he became justice of the appellate court in 1986; that term of office expired upon his retirement in 1992. He

has not taken the oaths required by the Texas Constitution[7] since that time.[8]

Pursuant to the Texas Government Code,[9] the presiding judge of the sixth administrative judicial region appointed Judge Woodard to preside over the West Texas Impact Court No. 1. Judge Woodard met all statutory requirements for the appointment. No statute explicitly requires that judges appointed under Section 74 take an oath of office before being assigned to cases as visiting judges.[10] We must decide, then, whether the two oaths constitutionally required of all "elected and appointed" officers apply to senior judges assigned pursuant to Chapter 74, and if so, whether the judicial acts of a judge who has failed to take the oaths are done without authority.

### 1. The Constitutional Requirement

Prieto contends that, when presiding over this case, Judge Woodard sat as a senior judge without taking the two oaths of office required by the Texas Constitution. Thus, having failed to fulfill the constitutional prerequisites to holding office, his judicial actions were void or voidable, including his signing of the judgment nisi forfeiting the bond in question.[11]

Article XVI, Section 1 of the Texas Constitution requires that 'appointed officers' take two oaths before entering upon the

**2.** *Wilson v. State,* 977 S.W.2d 379 (Tex.Crim. App.1998).

**3.** *Id.* at 380.

**4.** *Id.*

**5.** Tex.Code Crim. Proc. Ann. arts. 22.02, 22.03 (Vernon 1989).

**6.** Tex. Gov't Code Ann. § 75.001 (Vernon 1998).

**7.** Tex. Const. art. XVI, § 1.

**8.** The Constitution requires that all elected and appointed officers of the State, before taking the oath of office, shall swear or affirm that they have not paid or promised any mon-

ey or thing of value or promised public office or employment to secure votes or an appointment (the "anti-bribery oath"). This oath must be filed with the Secretary of State before swearing or affirming to the oath of office, in which the officer swears to faithfully execute his or her duties and preserve, protect, and defend the Constitutions of the United States and of Texas. Tex. Const. art. XVI, § 1.

**9.** Tex. Gov't Code Ann. § 74.054 (Vernon 1998).

**10.** Tex. Gov't Code Ann. § 74 (Vernon 1998).

**11.** *See Lone Star Industries, Inc. v. Ater,* 845 S.W.2d 334, 337 (Tex.App.—El Paso 1992, orig. proceeding).

duties of their offices.[12] The statutory scheme for appointment of judges subject to assignment does not require those officials to take an oath upon accepting an assignment.[13] Nevertheless, the Texas Code Construction Act provides that:

> In enacting a statute, it is presumed that: (1) compliance with the constitutions of this state and the United States is intended .... [14]

The State makes several arguments as to why a senior judge need not take the constitutional oaths upon electing that status. First, the State contends that Judge Woodard is not an officer subject to the oath requirement because he was not 'appointed' to the position of senior judge, nor did he "hold office" as a senior judge. He therefore is not an "appointed officer" required to take an oath under Article XVI, Section 1 of the Texas Constitution. In the alternative, the State argues that the oaths Judge Woodard took as a Justice of the Eighth Court of Appeals and as a District Judge satisfy the constitutional requirements.

### 2. "Appointment" vs. "Assignment"

■ The State focuses its argument on the transient nature of a senior judge's assignments to various courts in general, and Judge Woodard's temporary assignment to the 34th District Impact Court in particular. It argues that senior judges are merely randomly "assigned"[15] to conduct the business of sundry courts when needed and therefore do not fit the definition of an "appointed" officer required to take the oaths.[16] Moreover, the State contends that the position of senior judge subject to assignment "materializes through a voluntary election by the judicial retiree rather than through the process of election or appointment." The State refers us to Texas Government Code Section 75.001, which allows a retiree to "elect to be a judicial officer." [17]

The retired judge's election, however, does not automatically qualify the judge for assignments. Retired judges are assigned by the presiding judge of an administrative region pursuant to Section 74.055 of the Government Code. Under that section, the presiding judge maintains a list of retired and former judges who meet certain requirements and therefore qualify for. assignments.[18] In order to be eligible for the presiding judge's list, the retired judge must demonstrate that he or she: (1) served as a judge for at least 48 months in a district, statutory probate, statutory county, or appellate court; (2) developed substantial experience in an area of specialty (civil, criminal, or domestic relations); and (3) was not removed from office.[19] The retired judge must also certify under oath that he or she did not resign from office after receiving notice that the State Commission on Judicial Conduct instituted formal proceedings against the judge. Finally, the retired judge must certify to the presiding judge that he or she will not appear and pleas as an attorney in any court in Texas for a period of two years.[20] Thus, the retired judge's placement on the presiding judge's list, and thereby his or her eligibility to receive assignments, is subject to the pre-

---

**12.** Tex. Const. art. XVI, § 1(c),(d).

**13.** Tex. Gov't Code Ann. chs. 74 & 75 (Vernon 1998).

**14.** Tex. Gov't Code Ann. § 311.021 (Vernon 1998).

**15.** See Tex. Gov't Code Ann. § 74.055 (Vernon 1998) (judges subject to "assignment").

**16.** There is no dispute that senior judges are no longer "elected officers" when they take

senior status and make themselves available for assignment.

**17.** Tex. Gov't Code Ann. § 75.001(a) (Vernon 1998).

**18.** Tex. Gov't Code Ann. § 74.055(a) (Vernon 1998).

**19.** Id.

**20.** Tex. Gov't Code Ann. § 74.055(c) (Vernon 1998).

siding judge's determination that the retired judge meets the statutory requirements. Under this statutory scheme, the presiding judge is essentially a gate keeper, and as such, his or her placement of a retired judge on the list is akin to an appointment of that retired judge to a position of availability for assignment to various courts as needed.

### 3. Office Holder vs. Officer

■ The State further argues that an assigned judge cannot be an "officer" because the judge holds no real office. We find, however, that the focus of our inquiry should be the nature of the judge's function as an "officer" rather than on the nature of the "office" held. An individual is a public officer if any sovereign function of the government is conferred upon that individual to be exercised for the benefit of the public largely independent of the control of others.[21] A public officer is one who is authorized by law to independently exercise functions of either an executive, legislative, or judicial character.[22] Specifically, the authorization to pronounce judgment and to adjudicate the rights of parties appearing in court has been held to be a sovereign function of the government and a mark of public office.[23] Senior judges such as Judge Woodard, though they hold no true permanent office and are merely assigned to various courts from time to time, are nevertheless authorized to function as judges and as such are entrusted with independent and sovereign powers.[24] Accordingly, we hold senior judges are "public officers."

### 4. Senior Judges Must Take the Oaths

■ Having found that senior judges are 'appointed' and are 'officers,' we conclude that they must take the oaths required of appointed officers under Article 16, Section 1 of the Texas Constitution when taking status as a senior judge subject to assignment. We recognize that the position of senior judge does not fit neatly within the traditional notion of an 'appointed officer.' We are hard pressed, however, to hold that one with authority to preside over litigation and adjudicate the interests of the litigants in a courtroom in the State of Texas should, or can, be exempt from taking an oath to preserve, protect, and defend the Constitution and laws of the United States and of the State of Texas.[25]

### 5. Survival of the Oath

■ The State contends, in the alternative, that the oaths Judge Woodard took as District Judge and Justice of the Eighth Court of Appeals satisfy the constitutional requirements. The State offers no authority in support of this contention and we do not find the argument persuasive. Elected judges must take a new oath with each new term: we can see no logic whereby a senior judge's oath would survive an expired term of office, while that taken by a judge successfully seeking re-election would not. In any event, we find that Judge Woodard's prior oaths were incomplete as a matter of law. Judge Woodard's earlier oaths of office, which were taken in 1986 and before, did not include the 'anti-bribery' oath. This oath was added to the Texas Constitution only in 1989.[26] It was required in 1992 when Judge Wood-

**21.** *Guerrero v. Refugio County*, 946 S.W.2d 558, 570 (Tex.App.—Corpus Christi 1997, no writ) (citing *Aldine Indep. Sch. Dist. v. Standley*, 154 Tex. 547, 280 S.W.2d 578, 583 (1955)).

**22.** *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex.Crim.App.1994) (orig.proceeding).

**23.** *Thompson v. City of Austin*, 979 S.W.2d 676, 683 (Tex.App.—Austin 1998, no pet. h.).

**24.** *Id.*

**25.** Tex. Const. art. XVI, § 1.

**26.** Tex. Const. art. XVI, § 1(d) (amended Tex. H.J.Res. 40, § 1, 71st Leg., R.S., 1989 Tex. Gen.Laws 6428).

ard took senior status and in 1993 when he entered the judgment nisi in question. Accordingly, even if Judge Woodard's previous oaths continued to bless his status as a senior judge, they did not meet the constitution's requirements at the time he presided over this case.

### 6. The Judgment Fails Because the Judgment Nisi was Entered Without Authority

█ Because Judge Woodard was required to take the constitutional oaths, but did not do so, all judicial actions taken by him in the case below were without authority.[27] The Judgment Nisi therefore is without effect.

█ Prieto contends that the judgment of forfeiture must fail since the judgment nisi, at least in this case, was an essential element of the State's case. To be entitled to forfeiture of a bond, the State need only show: (1) a valid bond; (2) that the defendant's name was distinctly called at the courthouse door; and (3) the defendant failed to appear within a reasonable time of that call. The burden of proof on the second and third prongs is satisfied by the judgment nisi.[28] In this case, the judgment nisi was entered into evidence at the forfeiture hearing as Exhibit 1. Since the judgment nisi is without effect, however, it cannot satisfy the State's burden of proof in this case. We find no other evidence in the record to support prongs two and three of the State's forfeiture case. Accordingly, the evidence is insufficient to support the judgment of forfeiture and we sustain Prieto's first point of error.

### 7. Void or Voidable?

Because Prieto Bail Bonds raised its complaint about Judge Woodard's qualifications at the trial level, as required under *Wilson,* we need not reach the question of whether his actions in this case were done wholly without authority, and thus are void, or were simply procedurally infirm, and therefore merely voidable. Under either analysis, we must reverse. But we feel bound to observe that the Court of Criminal Appeals has held in a similar situation, involving an "alternative" municipal judge who had never taken the oaths of office, that: "without the taking of the oath prescribed by the Constitution of this State, one cannot become either a de jure or de facto judge, and his acts as such are void."[29]

### CONCLUSION

Having sustained Prieto's first point of error, we reverse the judgment of the trial court and render judgment in favor of Prieto. Our disposition of this point makes it unnecessary for us to reach Prieto's remaining points of error.

---

27. *See Ater,* 845 S.W.2d at 337 (actions taken by judge who failed to meet all requisites for qualification as retired judge subject to assignment held null and void).

28. *Alvarez v. State,* 861 S.W.2d 878, 888 (Tex. Crim.App.1992).

29. *French v. State,* 572 S.W.2d 934, 939 (Tex. Crim. App. 1978) (opin. on sec. reh'g); *see also Davis v. State,* 956 S.W.2d 555, 559 (Tex. Crim. App. 1997); *Fain v. State,* 986 S.W.2d 666, 675–76 (Tex. App.—Austin 1998, no pet. h.).