# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00331-CV

**Russell Dale Mortland, Appellant**

**v.**

**Dripping Springs I. S. D. and Hays County, Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 01-1678, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING

**&**

## NO. 03-03-00003-CV

**In re Russell Mortland**

### ORIGINAL PROCEEDING FROM HAYS COUNTY

### M E M O R A N D U M   O P I N I O N

Russell Dale Mortland appeals from the summary judgment rendered against him in this suit to collect delinquent *ad valorem* property taxes. We will first review the trial court's judgment and then consider Mortland's petition seeking mandamus relief.

**APPEAL OF SUMMARY JUDGMENT**

In his first, third, seventh, and eighth issues, Mortland [1] contends in various ways that no valid assessment was made, but either he did not raise the issue in the trial court or offers no authority in his brief to support his argument, and thus he has effectively waived those points. *See* Tex. R. App. P. 33.1 (preservation of error); 38.1 (requisites of briefs). In any event, these issues are all resolved by appellees' evidence. Appellees introduced as summary judgment evidence a certified copy of the delinquent tax record. A certified copy of a delinquent tax record is "prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts." Tex. Tax Code Ann. § 33.47(a) (West 2001); *see Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982); *Aavid Thermal Tech. v. Irving Indep. Sch. Dist.*, 688 S.W.3d 707, 712 (Tex. App.—Dallas 2001, no pet.). Appellees established their prima facie case that the assessor and collector properly performed

---

[1] Mortland represents himself in this litigation, which does not excuse him from complying with applicable rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834 n.46 (1975). As stated by the Texas Supreme Court:

> There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.

*Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978); *see Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied), *cert. denied*, 120 S.Ct. 1557 (April 3, 2000).

an assessment. Appellant did not introduce any evidence rebutting the prima facie case. Accordingly, we overrule appellant's first, third, seventh and eighth issues.

In his second issue, appellant argues that local *ad valorem* taxes are unconstitutional. That issue was never expressly presented to the trial court. Consequently, appellant did not preserve this argument for appeal and it is waived. *See* Tex. R. App. P. 33.1(a). We overrule appellant's second issue.

In issue four, appellant asks: "Was the judge in the case authorized to issue an order? Were there documents filed in the court or was the office of the clerk vacant for want of authority?" Appellant contends that Judge Ramsay should have been recused because he failed to execute properly his oath of office and anti-bribery oath. Therefore, he urges that any actions taken by Judge Ramsay are void. At the hearing on the motion to recuse, appellees presented evidence showing that Judge Ramsay had properly filed the required oaths with the Secretary of State's office.[2] Similarly, appellant contends that a deputy clerk failed to file her necessary oaths with the Secretary of State's office. Assuming for purposes of argument that such an omission would have an effect on the judgment, appellant has misapprehended the filing requirement. A deputy clerk's oath is filed in the county clerk's office. *See* Tex. Gov't Code Ann. § 51.309(a) (West 1998). Appellant provided no evidence that the oath was not properly filed in the correct location. Appellant relies on *Prieto Bail Bonds v. State*, 994 S.W.2d 316 (Tex. App.—El Paso 1999, no pet.). However, *Prieto* involved the undisputed failure to take either oath required by the Constitution, not simply the absence of a copy

---

[2] Appellant raised this same contention in a pre-submission "Motion to Void Judgment," which was overruled.

from the Secretary of State's records. In general, the appellate court indulges every presumption in favor of the regularity of the "proceedings and documents" in the trial court. *See McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975). This presumption requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the trial court's judgment. *See Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000). Appellant has not produced any evidence to show that any actions taken by the deputy clerk or Judge Ramsay resulted in a void judgment. We overrule issue four.

In his fifth point of error, appellant argues that the use of summary judgment procedures violates due process and contends that "[t]he summary judgment procedure as it is used in the State of Texas courts has made a mockery of justice." Appellant does not, however, refer us to us any specific problems with the summary judgment procedures in this case, such as a lack of notice. Summary judgments are a well-established means of promptly disposing of cases lacking meritorious claims or untenable defenses. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979). We overrule appellant's fifth point of error.

In his sixth point of error, appellant asks this Court for guidance on what medium of exchange to use to pay his debt if this Court finds that the taxes are properly owed. No issue concerning specie was raised in the trial court and so the complaint is waived. Tex. R. App. P. 33.1. Further, this Court assumes that appellee taxing authorities will inform appellant of acceptable payment methods when they collect these taxes. We overrule issue six.

4

*Unauthorized Practice of Law*

Appellee Dripping Springs Independent School District raises a concern that appellant Russell Mortland is engaging in the unauthorized practice of law because his brief lists as parties Tina Mortland and Alice Brown and refers to "appellants" in the brief. Appellee is correct that Mr. Mortland may not represent other parties. A person who is not a licensed attorney may not represent other persons or entities in legal matters. *See Crain v. Unauthorized Practice of Law Comm.*, 11 S.W.3d 328, 333 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), *cert. denied*, 532 U.S. 1067 (2001) (non-attorney may not prepare and file mechanic's liens or lien affidavits on others' behalf); *Harkins v. Murphy & Bolanz*, 112 S.W. 136, 138 (Tex. Civ. App.—Dallas 1908, writ dism'd) (power of attorney does not authorize one to act as attorney-at-law). However, the only notice of appeal filed in this cause was filed and signed by Russell Mortland only on his own behalf; the appeal was consequently docketed and styled showing only Russell Mortland as the appellant. Appellant Russell Mortland cannot add other appellants simply by listing their names in his brief. *See* Tex. R. App. P. 25.1(c) (who must file notice of appeal), (d) (amending notice of appeal). We overrule all of appellant's issues and affirm the trial court's judgment.

## PETITION FOR WRIT OF MANDAMUS

Mortland has also filed a petition for writ of mandamus, docketed as our cause number 03-03-003-CV. His petition raises the same challenges to the authority of Judge Ramsay and the deputy clerk as were raised and overruled in this appeal.[3] They will not succeed in this

---

[3] Appellant also alleges that Judge Ramsay's actions in presiding over the case constitute treason.

request for mandamus relief. The trial court did not abuse its discretion in denying relief on these grounds. Appellant further complains about the record. The record was supplemented with the documents that appellant requested, mooting this issue. Accordingly, we deny his petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

## CONCLUSION

We deny the petition for writ of mandamus and affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   July 24, 2003

6