**Thomas Howard HENNINGTON, III a/k/a Jerry Hennington, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–97–00240–CR.

Court of Appeals of Texas, Eastland.

May 27, 2004.

Discretionary Review Refused Sept. 22, 2004.

Thomas Hennington, Abilene, pro se.

Russell D. Thomason, Dist. Atty., Eastland, for appellee.

Panel consists of: ARNOT, C.J. and McCALL, J.

Order

W.G. ARNOT, III, Chief Justice.

A jury convicted appellant of murder in 1990. This court affirmed that conviction in an unpublished opinion in 1992.[1] Appellant subsequently discovered that the district attorney had not revealed exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Court of Criminal Appeals granted appellant's writ of habeas corpus, reversed his conviction, and remanded the case for a new trial. After a second trial, the jury convicted appellant of murder and assessed his punishment at confinement for 48 years. This court affirmed the second conviction in an unpublished opinion in 1999.[2] This court issued the mandate for the subsequent appeal on October 5, 1999.

On May 5, 2004, appellant filed a motion asking this court to void its opinion and judgment of February 11, 1999. Appellant contends that two of the justices who participated in the consideration of the subsequent appeal were not qualified to serve in accordance with the Texas Constitution. The panel which considered appellant's subsequent appeal consisted of Hon. Chief Justice W.G. Arnot, III; Hon. Senior Justice Austin McCloud; and Hon. Senior Justice Bob Dickenson. Appellant asserts that Senior Justices McCloud and Dickenson were not qualified to consider his appeal based on his allegation that they had failed to comply with the oath requirements for "appointed officers" previously contained in Article XVI, section 1 of the Texas Constitution. *See* TEX. CONST.

art. XVI, § 1(c), (d), & (f) (amended 2001).

■ TEX.R.APP.P. 19.1 provides that the plenary power of a court of appeals expires: (1) 60 days after judgment if no timely filed motion to extend time or motion for rehearing is then pending, or (2) 30 days after the court overrules all timely filed motions for rehearing and motions to extend time to file a motion for rehearing. This court's plenary power over the opinion and judgment of February 11, 1999, expired several years ago. TEX.R.APP.P. 19.3 expressly provides that, after the plenary power of a court of appeals expires, "the court cannot vacate or modify its judgment." Accordingly, this court is without authority to vacate its opinion and judgment since its plenary power has expired. Appellant's motion to void this court's opinion and judgment is overruled because it is untimely.

■ However, if we should be in error with respect to our authority to consider appellant's motion, we disagree with his assertion that Senior Justices McCloud and Dickenson were "appointed" officials who were required to take and file additional oaths under the Texas Constitution. Appellant cites the holding in *Prieto Bail Bonds v. State*, 994 S.W.2d 316 (Tex.App.-El Paso 1999, pet'n ref'd), in support of his contention. The version of Article XVI, section 1(c), (d), & (f) of the Texas Constitution in effect at the time this court entered its subsequent opinion and judgment provided as follows:

(c) The Secretary of State, and all other appointed officers, before entering upon the duties of their offices, shall take the following Oath or Affirmation:

---

1. *Hennington v. State*, No. 11–90–00264–CR (Tex.App.-Eastland, January 23, 1992, pet'n ref'd)(not reported).

2. *Hennington v. State*, No. 11–97–00240–CR (Tex.App.-Eastland, February 11, 1999, pet'n ref'd)(not reported).

"I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God."

(d) The Secretary of State, and all other appointed officers, before taking the Oath or Affirmation of office prescribed by this section and entering upon the duties of office, shall subscribe to the following statement:

"I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, or promised to pay, contributed, or promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward to secure my appointment or confirmation thereof, so help me God."

(f) The Secretary of State and all other appointed officers shall file the signed statement required by Subsection (d) of this section with the Secretary of State before taking the Oath or Affirmation of office prescribed by Subsection (c) of this section.[3]

*Prieto* involved a retired judge assigned by a regional presiding judge to preside over an "impact" court.[4] *Prieto Bail Bonds v. State, supra* at 318. The retired judge had served as both a district judge and as a justice on the El Paso Court of Appeals for 23 years. He retired from the El Paso Court of Appeals in 1992. Upon his retirement, the retired judge made an election to continue serving as a senior judge. *See* TEX. GOV'T CODE ANN. § 75.001 et seq. (Vernon 1998 & Supp. 2004). The retired judge took his last oath of office in 1986. He apparently did not take any additional oaths upon retirement. The El Paso Court of Appeals determined that the retired judge was an "appointed officer" as a result of his assignment by the regional presiding judge to preside over the impact court. *Prieto Bail Bonds v. State, supra* at 319–20. Based upon this determination, the El Paso Court of Appeals nullified an order signed by the retired judge because he had not taken the oaths required of appointed officers. *Prieto Bail Bonds v. State, supra* at 321. We respectfully disagree with the holding of the El Paso Court of Appeals that a senior judge sitting by assignment is required to take additional oaths upon retirement in order to comply with Article XVI, section 1(c), (d), & (f) of the Texas Constitution (amended 2001).[5]

Senior Justice McCloud was first elected to this court in 1970. He successfully ran for reelection in 1976, 1982, and 1988. He retired from this court at the end of 1994 upon the completion of the six-year term for which he was elected in 1988. Appellant has attached to his motion correspondence from the Secretary of State's Office which indicates that Senior Justice McCloud took and filed the appropriate oaths of office at the beginning of each of his terms of office. Appellant has also provided the court with a copy of a letter dated December 23, 1994, wherein Senior

---

3. The current version of Article XVI, section 1 of the Texas Constitution was enacted in 2001. As a result of the 2001 amendment, elected and appointed officers are now required to take the same oaths.

4. *See Armstrong v. State,* 719 S.W.2d 668 (Tex. App.-Fort Worth 1986, no pet'n), for a discussion of impact courts.

5. The Austin Court of Appeals has also expressed disagreement with *Prieto's* reasoning in *Delamora v. State,* 128 S.W.3d 344, 358–59 (Tex.App.-Austin 2004, pet'n filed).

Justice McCloud informed Hon. Thomas R. Phillips, Chief Justice of the Texas Supreme Court, that he would be retiring from the Eastland Court of Appeals on December 31, 1994. Senior Justice McCloud's letter further stated:

I hereby elect to continue to serve as a judicial officer of the State of Texas under the provisions of Article 75.001 of the Texas Government Code and be subject to assignment by the Chief Justice of the Supreme Court to the appellate courts of the state as provided by Article 74.003 of the Texas Government Code.

Chief Justice Phillips sent a letter dated December 29, 1994, in response to Senior Justice McCloud's letter of December 23, 1994. In addition to thanking Senior Justice McCloud for his many years of service, Chief Justice Phillips acknowledged Senior Justice McCloud's election to continue serving as a senior judge sitting by assignment. Senior Justice McCloud has been assigned by Chief Justice Phillips to serve on this court on a temporary basis since his retirement in 1994.

Senior Justice Dickenson was first elected to this court in 1978 to fill an unexpired term. He successfully ran for reelection in 1980, 1986, and 1992. He retired from this court at the end of 1998 upon the completion of the six-year term for which he was elected in 1992.[6] Appellant has attached to his motion correspondence from the Secretary of State's Office which indicates that Senior Justice Dickenson also took and filed the appropriate oaths of office at the beginning of each of his terms of office. Appellant has also provided the court with a copy of a letter dated October 6, 1998, wherein Senior Justice Dickenson informed Hon. Thomas R. Phillips, Chief Justice of the Texas Supreme Court, that he would be retiring from the Eastland

Court of Appeals on December 31, 1998. Senior Justice Dickenson's letter further informed Chief Justice Phillips that he also elected to continue serving as a senior judge and be subject to assignment. Chief Justice Phillips sent a letter dated October 9, 1998, in response to Senior Justice Dickenson's letter of October 6, 1998. In addition to thanking Senior Justice Dickenson for his many years of service, Chief Justice Phillips acknowledged Senior Justice Dickenson's election to continue serving as a senior judge sitting by assignment. Senior Justice Dickenson has been assigned by Chief Justice Phillips to serve on this court on a temporary basis since his retirement in 1998.

The oath requirements of Article XVI, section 1(c), (d), & (f) of the Texas Constitution applied to newly appointed officers. The El Paso Court of Appeals concluded in *Prieto* that the assignment of a senior judge to serve in a judicial capacity constitutes the appointment of the senior judge to a new office. *Prieto Bail Bonds v. State, supra* at 319–20. We conclude that a senior judge sitting by assignment is neither an appointed officer nor an officer occupying a new office.

Section 75.001 of the Texas Government Code provides the mechanism whereby a judicial retiree becomes a senior judge subject to assignment. A judicial retiree attains the status of a senior judge by making his or her own election to do so rather than being appointed as a senior judge by someone else. Section 75.001. Furthermore, a senior judge does not occupy a new office when he or she is assigned to serve. Instead, the senior judge continues to serve in the capacity he or she held prior to retirement. Article V, section 1–a of the Texas Constitution address-

---

**6.** Appellant's subsequent appeal was submitted to this court for consideration on July 9, 1998, during Justice Dickenson's final term as an elected judge on this court.

es the status of retired judges sitting by assignment. *See* TEX. CONST. art. V, § 1–a. Article V, section 1–a(1) provides that "the Legislature shall provide for the retirement and compensation of Justices and Judges of the Appellate Courts and District and Criminal District Courts on account of length of service, age and disability, and for their *reassignment to active duty* where and when needed." (Emphasis added) Since a senior judge is "[reassigned] to active duty" whenever he or she is assigned to serve, he or she is not appointed to a new office.

We believe that the oaths of office taken by a senior judge while serving on active duty satisfy the oath requirements of the Texas Constitution. Since Senior Justices McCloud and Dickenson properly took and filed the required oaths of office during their terms as active judges, they were constitutionally qualified to sit on the panel of this court which rendered the opinion and judgment in appellant's subsequent appeal.

WRIGHT, J., not participating.